Harry Dansby v. The State.

1. An affidavit for a new trial on account of newly discovered evidence must show that the applicant has used due diligence to have the testimony before the court.

2. A new trial will not be granted on account of newly discovered testimony to contradict or impeach that of the other witnesses in the case.

3. After a conviction for an aggravated assault, and in support of a motion for a new trial, affidavits of some of the jurors proved that the deputy sheriff and bailiff who had the jury in charge came into the jury room,

while the jury were deliberating on their verdict, and said the jury should send the defendant to the penitentiary, and used argument to show that he should be punished severely. *He'd*, that such conduct was an outrage on the right of trial by jury, and in direct violation of the provisions of the code; and the verdict should have been set aside and a new trial granted. (Articles 3074, 3157 and 3998, Paschal's Digest, cited by the court.)

4. It is the duty of the courts to enforce most rigidly the statutory provisions designed to preserve inviolate the right of trial by jury; and offenders in this respect should be punished to the full extent of the law.

APPEAL from Rusk. Tried below before the Hon. J. B. Williamson.

The affidavit respecting the interference of the officer in charge of the jury stated that he, the deputy sheriff and bailiff, "came into the jury room while they were deliberating on their verdict, and said that they ought to send the defendant to the penitentiary; and when the jury would not agree to send the defendant to the penitentiary, he then said that they ought to fine him three hundred dollars and put him in jail for sixty days; and used argument why they should punish him severely." The verdict was in accordance with this officious advice, and affixed the fine and imprisonment indicated, viz.: three hundred dollars and sixty days in the county jail.

*N. G. Bagley*, for the appellant.

*Wm. Alexander*, Attorney General, for the State, cited on the question of diligence, 4 Texas, 319; 3 Texas, 50; 8 Texas, 190; 6 Texas, 42; and as to affidavits of jurors, Johnson v. The State, 27 Texas, 769, and Jack v. The State, 26 Texas, 4.

OGDEN, J.—The indictment in this case is sufficient to sustain the verdict and judgment, and the charge of the court is a fair exposition of the law in relation to the case, as made out by the indictment and the evidence adduced on the trial; and we see no

sufficient error in the refusal by the court to give the charges asked by the defendant to authorize a reversal of this case. Nor was there any error in the ruling of the court on the motion for a new trial, on account of newly discovered testimony. To entitle a party to a new trial on account of newly discovered evidence, he must show by his affidavit that he has used due diligence to have the testimony before the court. In this case the defendant shows by his affidavit that he knew the witness was present at the time of the difficulty, and knew the facts of the case. He should therefore have had him subpœnaed; and for this neglect he was not entitled to a re-hearing. But it appears from the affidavit of Wolf, his testimony was sought to contradict or impeach the testimony of another witness. This was no ground for a new trial. (Scranton v. Tilley, 16 Texas, 193.) The testimony of Wolf would seem to impeach the evidence given by all the other witnesses, for the State or the defendant, and even contradicts his own statement to some extent; and we think the court would be justified in coming to the conclusion that he either knew nothing of the matter, or else he testified to that which he knew was not true, and, at any rate, the court was justified in wholly disregarding his affidavit.

But we think there was a sufficient cause shown for setting aside the verdict, in the affidavit of the jurors, that the deputy sheriff and bailiff who had charge of the jury had interfered to direct, and did direct and dictate the verdict of the jury. This was in direct conflict with and violation of articles 3074, 3137 and 3998, Paschal's Digest, and an outrage upon the right of trial by jury. It is the duty of the courts to see that the law in this respect is most rigidly executed; and for any and every violation of the sacred right of trial by a jury, to punish the offender to the extent of the law. For thus having been deprived of the right of a trial by an impartial and uninfluenced jury, the defendant was entitled to a new trial; and for the error of the court in refusing a new trial, the judgment is reversed and the case remanded.

Reversed and remanded.