No. 5581.

## Arthur McVey *v.* The State.

1. Theft—Statement—Indictment—Ownership.—Indictment for theft is sufficient as to the allegation of ownership if it alleges that the property stolen belongs to some person unknown to the grand jurors.
2. New Trial—Newly Discovered Evidence, when relied upon to secure a new trial, must appear to be in fact *newly discovered*, and such as could not by a reasonable exercise of diligence have been discovered in time for the trial. Moreover, it must appear, in the light of the evidence adduced, to be probably true.
3. Same—Special Charges of the Court unauthorized by any proof on the trial, or which, if authorized and correct, are embodied in the general charge, are properly refused.
4. Same—Fact Case.—See the statement of the case for evidence *held* sufficient to support a conviction for horse theft.

Appeal from the District Court of San Saba. Tried below before the Hon. A. W. Moursund.

The conviction in this case was for the theft of two horses, the property of unknown owners, and the penalty assessed was a term of five years in the penitentiary.

T. W. Garvin was the first witness for the State. He testified, in substance, that he knew a certain bay mare that for a time ranged on Latham creek in San Saba county, Texas. He first saw her when she was a colt in 1880 or 1881. He did not know to whom that animal belonged, and, so far as he knew, she was an estray. Witness never saw the defendant in the possession of that animal. Between the tenth and fifteenth of July, 1885, witness saw defendant riding a fresh branded bay mare or horse, but was unable to say that it was the mare referred to above.

George Lauterdale testified, for the State, that in August, 1885, he purchased three animals of the horse species from the defendant. One was a brown mare, branded M. Another was a bay mare, five years old, and the third was a two year old stud colt. The two animals last described were in the defendant's brand, viz., DAMU. The brand on each of said animals was fresh. No one ever claimed those horses, and they proved to be good property in witness's hands.

Mr. Merrell testified, for the State, that he knew the bay mare and colt described in the indictment. They ranged near his place in San Saba county, Texas. The witness had never known an owner for them, and knew that they were generally regarded as estrays. Defendant brought those animals to witness's place and penned them in the summer of 1885. He told witness that he had bought them. He showed no bill of sale. The witness afterwards sent defendant word that unless he could show a clear bill of sale to the horses, he must remove them from his place. Witness sent that word by Mr. Darby.

Mr. Darby testified, for the State, that he saw the bay mare and colt in question in the possession of the defendant at Mr. Merrell's pen, and told defendant that Merrell had sent him to tell him, defendant, that unless he could show a clear bill of sale he must remove the horses. Defendant said that he bought the horses from a man who came to the house of Gabe Choate, where he, the defendant, was living, and that he had a bill of sale. He did not, however, show the bill of sale, and drove the horses off. He took the mare and two year old colt to Mr. Polk's pasture, and another yearling colt he took to Mr. Thaxton's pasture.

The State closed.

Austin Choate testified, for the defense, that defendant lived at his father's house, in San Saba county, in July, 1884. Witness and defendant went to a barbecue on Richland creek on the fourth of July, 1885. During the day the witness saw the defendant and a stranger in close conversation. Soon afterwards defendant came to witness and borrowed ten dollars with which to make up the sum of forty dollars to buy the bay mare and colt described in the indictment. The defense proposed, but was not permitted to prove, by this witness, that defendant told him he had just purchased the animals from the stranger. Continuing, the witness testified that, a few days later, defendant and Jasper Choate drove that bunch of horses to Gabe Choate's house, from a point on the road near that house. Defendant claimed then and afterwards to have purchased the said horses. Those animals had long been known as estrays running on Latham creek. Witness had no personal knowledge of the purchase of the animals by defendant.

John Choate testified, for the defense, that he helped defendant drive up, pen and brand the horses described in the indictment. This was done, the witness thought, prior to July 4, 1885.

Gabe Choate testified, for the defense, that defendant penned

and branded the horses at his place, claiming to have purchased them. He did not say who he bought them from. This may have been after July 4, 1885; but witness was unable to say. Witness had previously known those animals as estrays.

The motion for new trial raised the questions discussed in the opinion.

*Burleson & Harris*, for the appellant.

*W. L. Davidson*, Assistant Attorney General, for the State.

White, Presiding Judge. It has been held repeatedly by this court that an indictment for theft of animals is valid when the allegation is that the owner is a person whose name is to the grand jurors unknown. (Mackey v. The State, 20 Texas Ct. App., 603, and cases cited.)

We are of opinion that the evidence in this case is sufficient. Appellant claimed to have bought the horses, and to have received a bill of sale for them, but this bill of sale was never shown to nor seen by his witnesses, nor was it exhibited as evidence at the trial, nor shown to have been lost or destroyed. Moreover, when the witness Merrell sent the defendant word "that unless he showed up a clear bill of sale to those horses he must take them away" from his, Merrell's place, defendant did not show his bill of sale, and took the horses away.

The newly discovered evidence proposed in the motion for new trial is improbable as to its being newly discovered, because the proposed witness lived, and had lived for eighteen months, in the neighborhood of defendant. The case had before been tried in court, and it is not reasonable that the witness should have heard nothing of it, and not have apprised the defendant of what he knew, if, in fact, he knew what it is claimed he would swear. Sufficient diligence and probable truth do not appear with reference to this newly discovered evidence.

Objections to the charge of the court are not maintainable. As to the refused instructions, the one with regard to taking up and using an estray, without complying with the law regulating estrays, certainly could have no application where the facts show a taking, branding and *sale* of the animals by defendant. As to the law propounded in the other instruction, it was fully covered by the general charge.

We have found no reversible error, and the judgment is affirmed.

*Affirmed.*