### ANDREW BARTON v. THE STATE.

*No. 6877.   Decided April 30.*

1.   **Obstructing Railway Track.**—Indictment for obstructing a railway track need not specify the persons whose lives were endangered by the obstruction.   See the opinion for the charging part of an indictment for obstructing a railway track *held* sufficient.

2.   **Same—Evidence—Charge of the Court.**—As tending to show motive, and for the purpose of developing the *res gestæ* of the offense charged, the State was properly permitted to prove the complicity of the defendant in the placing of a different obstruction at a contiguous point on the railway very soon after the placing of the obstruction charged in the indictment; but in failing to properly limit the purpose of such testimony, the charge of the court was fundamentally erroneous.

APPEAL from the District Court of Colorado.   Tried below before Hon. George McCormick.

The conviction was for placing obstructions upon the track of the Galveston, Harrisburg & San Antonio Railroad.   The verdict found the defendant to be aged less than sixteen years, and assessed his punishment at two years in the house of correction and reformatory at Gatesville.

The rulings of the court do not require a statement of the facts proved, but it may be remarked that the defendant's complicity in the placing of the obstructions was testified to by an accomplice, who was corroborated by other facts proved.

No brief for appellant.

*W. L. Davidson,* Assistant Attorney-General, for the State.

WILLSON, JUDGE.—It is charged in the indictment that the defendant "did wilfully place an obstruction, to-wit, a large piece of timber and rocks, upon the track of a railroad there situated, to-wit, the track of the Galveston, Harrisburg & San Antonio Railroad, whereby the lives of persons were endangered."

We think the indictment is sufficient.   It was not necessary to specify therein the persons whose lives were endangered.   It follows the language of the statute defining the offense.   Penal Code, art. 678.

Upon the trial, over objections made by defendant, the State was permitted to prove another obstruction in addition to the one charged in the indictment, which other obstruction was made on the same night and very soon after the first one, but at a point on the railroad some three-fourths of a mile distant from the place of the first obstruction.   It was proved that the defendant assisted in placing both obstructions upon the track.

There was no error in admitting the testimony as to the second obstruction.   Although the second obstruction constituted a separate and dis-

tinct transaction from that charged in the indictment, still the two offenses were committed contemporaneously, and the commission of the second was admissible for the purpose of showing the motive or intent with which the first was committed, and also for the purpose of developing the *res gestæ* of the first offense. Willson's Crim. Stats., secs. 2496, 1295.

But whilst said testimony was admissible, it devolved upon the court to instruct the jury as to the purpose for which it was admitted, and to restrict their consideration of it to that purpose only. This the court failed to do, and the defendant reserved a bill of exception to the charge because of such omission. Even if an exception had not been reserved to the charge, the omission specified is fundamental error, and leaves this court with no discretion as to the disposition to be made of the case. Willson's Crim. Stats., secs. 2344, 2363; Reno v. The State, 25 Texas Ct. App., 102; Gentry v. The State, Id., 614; Rogers v. The State, 26 Texas Ct. App., 404.

The judgment is reversed and the cause is remanded, because of said error of omission in the charge.

*Reversed and remanded.*

Judges all present and concurring.