## WINE CARRICO v. THE STATE.

### No. 1517.    Decided December 22nd, 1896.

#### 1.   New Trial—Witness—Acquitted Codefendant.

On a joint trial of defendant and one N., for theft of hogs, where N. had been acquitted, and defendant, after conviction, moved for a new trial to get the testimony of said N., and it was shown that said N. was still under other joint indictments with defendant for theft of other hogs of other parties, taken at the same time and place and in the same transaction. Held: N. would be incompetent as a witness on another trial.

#### 2.   Same—Newly Discovered Evidence—Diligence.

A new trial will not be granted for newly discovered evidence which could have been discovered by the use of ordinary diligence.

APPEAL from the District Court of Panola. Tried below before Hon. W. J. GRAHAM.

Appeal from a conviction for hog theft; penalty, two years' imprisonment in the penitentiary.

The indictment charged appellant, Wine Carrico, and Carl Carrico, and Frank Nail jointly with the theft of six hogs, the property of Albert Soloman. They were jointly tried in this proceeding, and Wine and Carl Carrico were each convicted, with the punishment assessed at two years in the penitentiary; and Frank Nail was acquitted.

Albert Soloman testified to losing his hogs, and, after some months, finding them nine miles from his home, with their marks changed. At the same time, he found the hogs of other parties, with their marks changed, running with his hogs.

Lewis Soloman, testified to losing a sow, at the same time Albert Soloman lost his hogs, and finding her when they were found, with her

mark changed. They also got, at the same time and place and with their marks changed, some hogs of Cato Sexton.

W. M. Griffith, testified, "that about the time the hogs were lost, a two-horse wagon passed his house in the direction of Carl Carrico's, and hogs were squealing in the wagon. The next morning this wagon and team, which belonged to Wine Carrico, returned by his house and Frank Nail and Wren Carrico were driving it."

Taylor Ball, testified, that he saw this same wagon and saw the hogs in it, on Sunday morning, between daylight and sunup, going in the direction of Carl Carrico's. He identified the team as belonging to Wine Carrico, and Frank Nail was driving it. Wren Carrico was on horseback some two hundred yards ahead of the wagon.

The hogs, which Soloman afterwards recovered, were seen, a few days after the wagon and hogs had passed, freshly marked, in the field of Henry Mathews; and Carl Carrico then claimed them.

John Gamblen testified, that he saw Carl Carrico hauling some hogs from his house down towards the bottom, in the direction of the Mathews field. He, after a day or so, saw the hogs in the Mathews field freshly marked, and they stayed around there until they were claimed and taken away by Albert Soloman and others.

Henry Mathews testified, that these freshly marked hogs had bothered him by getting into his field, and that Carl Carrico claimed them.

Wine Carrico, the defendant, testified, that he had sold six head of hogs to his brother, Carl, and sent them in a wagon, driven by Frank Nail and Wren Carrico, to Carl. That they were his hogs, and he sent them on Sunday in the daytime—never sent any hogs at night.

Carl Carrico testified as to the purchase of the hogs as did his brother, Wren. The parties were indicted separately for the theft of the hogs of Sexton taken at the same time.

After the trial in this case, this defendant made a motion for new trial to get the testimony of Frank Nail, who was acquitted. This motion was controverted by affidavits of the State setting up the fact that Nail was under indictment for the theft of Sexton's hogs, which was part of the same transaction, and therefore he would be incompetent as a witness on another trial. This position was sustained by the trial court, and the motion for new trial overruled.

[No briefs for either party have come to the hands of the Reporter.]

*Anderson, Woolworth & Pope*, for appellant.

*Mann Trice*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of the theft of hogs, and given a term of two years in the penitentiary; hence this appeal. The indictment charged Wine Carrico, Carl Carrico, and Frank Nail with the theft of six hogs, the property of Albert Soloman. On the trial Frank Nail was acquitted, and the other two defendants convicted. The court granted a new trial as to Carl Carrico, and overruled a new

trial as to Wine Carrico.   Appellant made a motion for a new trial on the ground of newly-discovered testimony.   The testimony consisted in the evidence of Frank Nail, who, it is alleged, was acquitted of this offense, and was now a competent witness for the defendant, and his testimony was material.   And also because of the newly-discovered evidence of Newman, Overton, Ritter, and Thomas.   Appellant proposed to prove by these witnesses that one of the State's witnesses, Gamblin, had very bad eyesight, and was unable to see and identify any of the hogs testified about by him for the State.   As to the witness, Nail, it appears that he testified on the trial of the case, and the only circumstance that would put his testimony in a better light for the defendant would be that by his acquittal he is now relieved of the stigma of any guilty connection with the offense.   The State, however, shows by affidavits that hogs of other persons were stolen at the same time, and as a part of the same transaction charged in this case against the defendant, and that said Frank Nail is still under indictment jointly with these defendants on account of said other thefts of hogs; and, inasmuch as it is the same transaction, he would be incompetent to testify on a new trial of this case.   This affidavit by the State is not questioned, and in our opinion said witness would not be qualified to testify on another trial.   As to the other witnesses by whom it is proposed to prove that the eyesight of the said Gamblin was bad, it does not appear to us to be newly-discovered testimony, as no sufficient diligence is shown why said testimony was not known at the time of the trial.   The defendant made the perceptive faculties of the said Gamblin an issue in the case, and introduced testimony to that effect, and it is shown that the witness, Newman, was present when the witness, Berryhill, testified as to an occurrence which indicated the bad eyesight of the said Gamblin, to-wit: that on one occasion he did not know a dog from a hog, though the dog was very near him; yet Newman was not placed on the stand by the defendant, though he called him evidently for that purpose, and sent him back again under the rule.   As this question of eyesight of Gamblin was an issue in the case, and this witness, Gamblin, lived in that community, it would certainly appear (if his perceptive faculties were as bad as appellant contends that the fact could have easily been ascertained by the least diligence on the part of the defendant or his counsel.   There was no error in the court overruling the application of the appellant for a new trial based on the alleged newly-discovered evidence.   Appellant also contends that the evidence in this case, being of a circumstantial character, is not sufficient to sustain the conviction.   We have carefully examined the record, and we differ with appellant as to this matter.   In our opinion, the testimony is ample to support the verdict, and the judgment is affirmed.

*Affirmed.*