Al Woolley v. The State.

No. 3356.   Decided June 20, 1906.

**1.—Seduction—Charge of Court—Accomplice—Corroboration.**

Upon a trial for seduction where the evidence showed no corroboration of the prosecutrix' testimony in regard to defendant's act of intercourse, except that he was frequently in her company; and but slight corroboration in regard to the marital contract, a general charge on corroboration of an accomplice's testimony, without specifying that the marital contract and the act of intercourse testified to by prosecutrix must both be corroborated, was reversible error.

**2.—Same—Misconduct of Jury—Defendant as Witness.**

Upon a trial for seduction where the jury in their retirement commented freely on the fact of the failure of defendant to testify, the conviction could not be sustained.

**3.—Motion for New Trial—Newly Discovered Evidence.**

See opinion for discussion of facts contained in affidavit attached to motion for new trial as to newly discovered evidence.

**4.—Same—Remarks by Judge.**

See opinion with reference to remarks of the court made to defendant's counsel during the trial, criticising the intonation of voice of counsel during cross-examination of the prosecutrix.

Appeal from the District Court of Houston. Tried below before the Hon. Benjamin H. Gardner.

Appeal from a conviction of seduction; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Moore & Adams,* for appellant.

*J. E. Yantis,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—This is a case of seduction. We deem it unnecessary to discuss the alleged error of the court refusing the continuance under the view that we have taken of other questions.

The evidence of prosecutrix discloses the fact that in March, 1902, she became engaged to appellant, and that in the following December, it was broken off, as stated by the witness, "on account of boll-weevil." This was about Christmas. About the 28th of December, she engaged herself to Gat Lucas, as she stated "the first time he went with me." This engagement did not last long, perhaps a month. In January, 1903, she engaged herself to Jim Williams. She was anxious to marry him, and he obtained the license for that purpose, but her family objected as there was some rumor current in the neighborhood that he was then a married man. She then renewed the engagement with appellant, whom she says seduced her in August or September, and had intercourse with her three times between then and Christmas; and that he agreed to marry her by Christmas of that year. He notified her about that time that he would not marry her. Shortly thereafter she engaged herself to Ed Mackey. She says as a reason for breaking off the engagement with Mackey that she was then pregnant and did not want to impose upon him. She says appellant gave her money to take a trip to see her brother in Baylor County, and it is a fact that she made the trip. She is not corroborated as to the fact that appellant gave her the money for the trip. She says the first act of intercourse occurred between appellant and herself at night, en route to her home from a social gathering; that they were on horseback, and he invited her to get down, and have intercourse with him, and finally she acceded; and that this was the first time she ever had intercourse with any man. That this intercourse was had while they were standing; that she was five feet two inches in height, and appellant was six feet or over. She gives no further statement as to how they managed to have intercourse with the disparity of height. Perhaps this is a sufficient statement of the case.

The court charged the jury that if they should believe the testimony of Victoria Padgitt to be true, and that it showed or tended to show that defendant was guilty of the offense charged, still they could not convict unless they should further find there was other testimony outside of that of Victoria Padgitt, the seduced female, tending to connect defendant with the commission of the offense. Exception was reserved on several grounds; that there were two phases of the testimony that should be corroborated; first, as to the marital contract, and second, as to the act of intercourse. We believe this exception is well taken. There is slight evidence of corroboration in regard to the marital contract through the mouth of the mother of prosecutrix, but as we understand

this record we fail to find any testimony corroborating prosecutrix in regard to appellant's act of intercourse, unless it be the fact that he was engaged to her, and was frequently in her company. It is necessary in a case of this character that the prosecutrix, who is an accomplice, be corroborated both as to the marital contract and the intercourse with the alleged seducer. The fact that she had a child is not of itself a corroboration of the fact that appellant was the father of the child. This would have occurred as well from intercourse with any other man as with accused. It is a pungent fact, however, that she had intercourse with some man: in fact it would be absolutely conclusive of that fact. We believe that the court's charge was deficient in this respect. Spenrath v. State, 48 S. W. Rep., 192; McCullar v. State, 36 Texas Crim. Rep., 213.

There is another question which requires a reversal, to wit: the misconduct of the jury after their retirement in discussing the fact that appellant did not take the stand and testify. The affidavits of jurors attached to the motion for new trial are to the effect that the prosecutrix had testified to circumstances reflecting on the guilt of defendant, and that it was his province to take the stand and contradict the same, if it was not true; and that he failed to do so. It was further stated, if the defendant was not guilty as charged he ought to have taken the stand as a witness and denied it, if untrue. And further that more than once some of the jurors commented on the failure of the defendant to testify as a witness in his own behalf. Thorpe v. State, 40 Texas Crim. Rep., 346; Tate v. State, 38 Texas Crim. Rep., 261; Wilson v. State, 39 Texas Crim. Rep., 365; Buessing v. State, 43 Texas Crim. Rep., 85; Beard v. State, 3 Texas Ct. Rep., 583; Adams v. State, 3 Texas Ct. Rep., 314; Rogers v. State, 55 S. W. Rep., 818.

There is another ground of the motion which we notice casually, to wit: the newly discovered testimony. Gat Lucas filed an affidavit to the effect that he engaged himself to prosecutrix the first time he went with her, and shortly afterwards he had intercourse with her, and that she would not permit him to have intercourse except standing up; that he besought her to lie down, and she refused. There is also the affidavit of another witness to the effect that he saw Gat Lucas and prosecutrix in the act of sexual intercourse. This act, under the statements made by these witnesses, occurred prior to the time of the alleged seduction by appellant. From the testimony and affidavits attached, it is made to appear that as soon as these troubles arose with reference to the girl that the parties who had been at different times engaged to her scattered and left the country. Appellant went to Arkansas; Gat Lucas went to Meridian, Mississippi; another witness went to a distant county in this State; and Jim Williams disappeared, and so far as the record shows, without leaving any evidence as to what became of him. These engagements all occurred within the space of two years. There is an intimation along the line of the testimony that she engaged herself to each of the different parties upon the first occasion she was

with him. In fact the record makes rather striking the facility with which she engaged herself to these different parties, and her decided aversion and opposition to performing the act of sexual intercourse in any otherwise than in a standing position.

Appellant also assigns error as to some remarks of the court made to appellant's counsel during the trial; especially that part of it, in which the court criticises the intonation of voice of counsel during his cross-examination of the prosecutrix. This will hardly occur upon another trial. The other alleged errors will hardly occur upon another trial, and are therefore not discussed.

For the errors discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Brooks, Judge, absent.