## TOM TULLER v. THE STATE.

No. 326.     Decided March 30, 1910.

**1.—Obstructing Railroad Track—Indictment—Axle Grease—Soap.**

In a prosecution for wilfully placing an obstruction on a certain railroad track for the purpose and intent of wrecking a train, etc., where the indictment alleged that the substance placed thereon was axle grease and soap, an objection that the same alleged no offense was not well taken and the indictment is sufficient. Any substance the effect of which would be to endanger human life constitutes an obstruction within the meaning of the statute.

**2.—Same—Charge of Court.**

Where, upon trial for wilfully placing an obstruction on a railroad track, the evidence showed that axle grease had been placed on the railroad track in question at two different points, and that at one of these points the obstruction was not of a character to endanger human life, the court should have instructed the jury that testimony with reference to placing axle grease on said track at said last named point was introduced only for the purpose of tending to show motive and intent; and that the evidence must further show that the defendant placed said obstruction at the point where it was dangerous to human life.

**3.—Same—Misconduct of Jury—Matters Dehors the Record—Partial Juror—**
       **Defendant's Failure to Testify—Coercion.**

Where, upon motion for new trial in a prosecution for wilfully obstructing a railroad track, it appeared that one of the jurors was prejudiced; that defendant's failure to testify was discussed by the jury on their retirement, as well as other matters dehors the record; and that the verdict of the jury was probably obtained by coercion, a new trial should have been granted. Following Lankster v. State, 43 Texas Crim. Rep., 298, and other cases.

Appeal from the District Court of Tyler. Tried below before the Hon. W. B. Powell.

Appeal from a conviction of wilfully placing an obstruction on a railroad track; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Joe W. Thomas,* for appellant.—On question of insufficiency of indictment: Bullion v. State, 7 Texas Crim. App., 462.

On question of insufficiency of evidence: Cox v. State, 59 S. W. Rep., 903.

On question of court's refusal of special instructions: Bullion v. State, 7 Texas Crim. App., 462; Barton v. State, 28 Texas Crim. App., 483, 13 S. W. Rep., 783.

On question of misconduct of jury: Hanks v. State, 21 Texas, 526; Long v. State, 32 Texas Crim. Rep., 140; Graham v. State, 28 Texas Crim. Rep., 582, and cases cited in opinion.

*John A. Mobley,* Assistant Attorney-General, for the State.

RAMSEY, Judge.—Appellant was indicted in the District Court of Tyler County on the 5th day of August, 1909, charged with placing an obstruction, to wit, axle grease and soap on the track of a certain railroad, to wit, the tram railroad of the Thompson Brothers Lumber Company for the purpose and intent of wrecking the train which was then and there being operated on said railroad, and that he did then and there interfere with the running of trains thereon and did thereby damage said road and endanger the lives of the employes who were then and there operating trains upon said road. This indictment is vigorously attacked in the motion to quash same. It is not wholly in accord with the precedents heretofore approved by this court. See Barton v. State, 28 Texas Crim. App., 483. It does contain, we think every essential required to be stated in the indictment,

though it alleges some matters not required to be therein stated and is probably in greater detail than would be required. The substantial objection that there could be no offense by reason of the fact of putting axle grease and soap upon the rails of a railroad track, we are not inclined to think well taken. The statute says that if one shall wilfully place any obstruction upon any railroad whereby the life of any person might be endangered, he shall be guilty. What this obstruction shall be the law does not undertake to define. Clearly it might be any substance the effect of which would be to endanger human life. In this connection it should be added that the testimony clearly raises the issue that at least at some points on the road the placing of grease on the track would tend to endanger human life. As the case will be reversed, we deem it unnecessary to set out the facts in detail.

2. We think that the substance, at least, of appellant's fourth special instruction should have been given. It appeared in the evidence that axle grease had been put on the railroad in question at two points. At one place, in what is known as the Holliman Hill, it was clearly shown by the State's evidence that the obstruction was not of a character to endanger human life. The court instructed the jury in substance that no conviction could be had for this act. In this connection appellant requested the court to give the following special charge: "You are charged by the court that the evidence adduced in the trial of this cause, as regards the axle grease placed on the track in the Holliman field, was admitted for the purpose only of tending to show the motive or intent with which the grease on the Gillespie Hill was placed, and you can not convict the defendant if you should believe beyond a reasonable doubt that he placed the axle grease on the track in Holliman field, but you can consider said testimony only for the purpose of tending to show motive and intent. But, gentlemen, you must first believe beyond a reasonable doubt that the defendant placed the axle grease on the rails of said road on the Gillespie Hill before you can consider the testimony as regards the placing of axle grease on Holliman Hill for any purpose." We think this charge on another trial should in substance, at least, be given. Barton v. State, 28 Texas Crim. App., 483, 13 S. W. Rep., 783, though in view of the court's charge the refusal of this special instruction would not, of itself, necessarily work a reversal.

3. The substantial ground on which the case is reversed is the misconduct of the jury, as shown by the record filed before us, after they had received the charge of the court and had retired to consider of their verdict. In considering this ground of the motion it should be stated that the evidence on the merits of the case is far from satisfactory. As the case is to be tried again it is unnecessary for us to determine whether in any event we would sustain the verdict of conviction under the testimony. It was shown on a hearing before the court on motion for new trial that at least one juror sat in the case who was prejudiced against appellant and who had prejudged his

case. It was shown by practically every juror who testified, and most of them did testify, that the jury mentioned and discussed the fact of appellant's failure to testify and that some of them, at least, said that he ought to have gone on the witness stand and swore what he did with the axle grease which had been sold him. A number of the jurors testified that during their deliberations it was mentioned more than once that appellant had some short time before the trial married a young thirteen year old girl, lived with her a few days, abandoned her and sent her back to her people. It was shown by others of the jurors and by the testimony of one man who at the last moment only agreed to the verdict, that the sheriff had told them that they would not be released, but if they did not agree on a verdict they would be carried to Jasper County, and the evidence strongly indicates coercion of the jury. The motion also raised the issue that there was a discussion in the jury room to the effect that if any injustice was done appellant by their verdict that he could appeal, and one of the jurors stated that while the court was writing the charge to the jury that he saw counsel for appellant writing what he calls an appeal to this court. We think in the light of the entire record, and particularly in view of the unsatisfactory proof made in the case that if no other reason existed to the end that justice might be done, appellant should have a new trial. The authorities supporting these propositions are very numerous and some of them are cited by appellant in his brief. Terry v. State, 38 S. W. Rep., 986; Blocker v. State, 61 S. W. Rep., 391; Hargrove v. State, 33 Texas Crim. Rep., 431, 26 S. W. Rep., 993; Lankster v. State, 43 Texas Crim. Rep., 298; Mitchell v. State, 36 Texas Crim. Rep., 278; Hughes v. State, 44 Texas Crim. Rep., 296; Darter v. State, 44 S. W. Rep., 850; Kegans v. State, 96 S. W. Rep., 16; McWilliams v. State, 32 Texas Crim. Rep., 269; Tate v. State, 38 Texas Crim. Rep., 261; Rogers v. State, 55 S. W. Rep., 817; Wilson v. State, 46 S. W. Rep., 251; Adams v. State, 42 Texas Crim. Rep., 366, 64 S. W. Rep., 1055; Beard v. State, 65 S. W. Rep., 905; Doulton v. State, 73 S. W. Rep., 395; Fine v. State, 45 Texas Crim. Rep., 290, 77 S. W. Rep., 806; Woolley v. State, 50 Texas Crim. Rep., 214, 96 S. W. Rep., 27, and Bailey v. State, 50 Texas Crim. Rep., 398, 97 S. W. Rep., 694.

For the errors pointed out the judgment is reversed and the cause is remanded.

*Reversed and remanded.*