STAPP v. STATE.

(Court of Criminal Appeals of Texas. Feb. 14, 1912. Rehearing Denied March 13, 1912.)

1. SEDUCTION (§ 40*)—CRIMINAL PROSECUTION —EVIDENCE—CORROBORATION.
  It is not error for a prosecutrix to testify that she had borne a child; this being proper corroboration of the fact of intercourse with some man.
  [Ed. Note.—For other cases, see Seduction, Cent. Dig. §§ 72, 79; Dec. Dig. § 40.*]

2. CRIMINAL LAW (§ 656*)—EXAMINATION BY COURT.
  It is not error for the court to interrogate witnesses when it is not claimed that by his conduct he influenced the jury.
  [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1524–1533; Dec. Dig. § 656.*]

3. CRIMINAL LAW (§ 1169*)—APPEAL—HARMLESS ERROR—EVIDENCE.
  In a prosecution for seduction, where the prosecutrix had admitted on cross-examination that accused, while absent from home during the time when she claimed they were engaged to be married, had not written to her, her testimony on redirect examination that he told her he could not write because he had been seen with a pistol, and that, if he wrote to her, they would find out where he was, if error, was harmless, where the court instructed the jury not to consider for any purpose the fact that accused had carried a pistol, and the witness testified on recross-examination that accused told her on his return that he had got out of the difficulty.
  [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 3137–3143; Dec. Dig. § 1169.*]

4. CRIMINAL LAW (§ 695*) — TRIAL — OBJECTIONS TO EVIDENCE—SUFFICIENCY.
  An objection that evidence is immaterial is insufficient.
  [Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1633–1638; Dec. Dig. § 695.*]

5. CRIMINAL LAW (§ 938*) — NEW TRIAL— GROUNDS.
  A new trial of a charge of seduction will not be granted for newly discovered evidence, consisting of the testimony of a witness that she was present when the child was born eight months after the alleged intercourse, and that it was a fully developed child, where a physician called for the accused had testified on the

trial that a woman does frequently deliver her first child in eight months.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2306–2317; Dec. Dig. § 938.*]

**6. CRIMINAL LAW (§ 939*) — NEW TRIAL—GROUNDS.**

A new trial will not be granted for newly discovered evidence where the new witness lived in the same neighborhood as accused, and could have been produced on the first trial if due diligence had been exercised.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2318–2323; Dec. Dig. § 939.*]

**7. AFFIDAVITS (§ 5*) — AUTHORITY TO TAKE.**

An affidavit attached to motion for new trial sworn to before an attorney of record will not be considered on appeal.

[Ed. Note.—For other cases, see Affidavits, Cent. Dig. §§ 18–27; Dec. Dig. § 5.*]

**8. CRIMINAL LAW (§ 942*) — NEW TRIAL—GROUNDS.**

A new trial of a charge of seduction will not be granted for newly discovered evidence consisting of the testimony of a witness that, during the time prosecutrix claimed to be engaged to marry accused, she told the witness that she did not love any man well enough to marry him, since new trials will not be granted for testimony which simply tends to impeach other witnesses, and does not support the testimony of the moving party.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2331, 2332; Dec. Dig. § 942.*]

**9. SEDUCTION (§ 46*)—CRIMINAL PROSECUTION—CORROBORATION.**

In a prosecution for seduction, evidence *held* to sufficiently corroborate prosecutrix as to every material point in the case.

[Ed. Note.—For other cases, see Seduction, Cent. Dig. §§ 83–86; Dec. Dig. § 46.*]

Appeal from District Court, Eastland County; Thomas L. Blanton, Judge.

E. E. Stapp was convicted of seduction, and he appeals. Affirmed.

J. R. Stubblefield, for appellant. C. E. Lane, Asst. Atty. Gen., for the State.

HARPER, J. Appellant was indicted, charged with seduction, was convicted, and his punishment assessed at two years' confinement in the penitentiary.

[1] 1. The prosecuting witness testified: "I am a mother. I have one child. It was born the 30th of September. I never did have carnal intercourse with Owen Ayers in Haskell county. I never did have carnal intercourse with any person, only the one time that I had with defendant." To this testimony the defendant objected on the ground that "it did not tend to corroborate the statement of the witness that she had carnal intercourse with appellant, and the proceedings were prejudicial." As said by Judge Davidson in the case of Woolley v. State, 50 Tex. Cr. R. 214, 96 S. W. 27, that, while "the fact that she had a child is not of itself a corroboration of the fact that appellant was the father of the child, it is a pungent fact, however, that she had

intercourse with some man; in fact, it would be absolutely conclusive of that fact." And, as the act of intercourse is such an act that it is not in the presence of others that it is committed, the prosecuting witness must be corroborated by circumstances, if at all, and this fact is a circumstance in the case which it has been held is admissible. Snodgrass v. State, 36 Tex. Cr. R. 211, 36 S. W. 477.

[2] 2. That the court by questions developed the testimony would not present any reversible error, as it is not claimed that by his conduct he in any way influenced the jury. Harrell v. State, 39 Tex. Cr. R. 225, 45 S. W. 581.

[3] 3. The appellant on cross-examination of the prosecuting witness developed the fact that in the summer before the offense is alleged to have been committed defendant went to Oklahoma and remained there for some time, during which time defendant did not write to her, although she had stated they were engaged to be married at that time. On redirect examination she testified: "That before leaving defendant stated to her he could not write to her during his absence; that the reason he could not write to her was because he had been seen with a pistol; that he had to leave the country; and that, if he wrote to her, they would find out where he was, and for this reason he could not write." To this testimony defendant objected, because it was evidence of another and different offense. The court, in approving the bill, states: "The foregoing bill is approved with the following qualification and explanation, viz.: The prosecutrix had testified on direct examination that she commenced going with defendant in February, 1909; that they became engaged to marry on the first Sunday in May, 1909; that defendant left Eastland county in July, 1909; and that she did not see him again, until about the 1st of January, 1910. Then, on cross-examination, the defense proved by her that when the defendant left in July, 1909, he told her that he was going to Oklahoma; that she did not know how long he remained there; that, when he left, he told her he could not write to her, and that she did not get any letters from him while he was in Oklahoma; that while he was gone she visited her brother in Haskell county from September, 1909, until the last of December, 1909, and on returning home she found defendant there; and that while in Haskell county she had gone with other young men, and had corresponded with one of them. The court then permitted the state on redirect to prove by prosecutrix the reason the defendant had given her why he could not write to her, but the court instructed the jury that they could not consider the alleged circumstance of defendant having carried a pistol for any purpose against him,

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

as he was not on trial for that charge. Then on recross the defendant proved by her that on his return the defendant told her that concerning his carrying a pistol he would get out of it, and not have to pay anything for it."

It will be thus seen that it accounts for the failure of defendant to write, and also that the testimony as a whole showed he was guilty of no other offense, at least had got out of it. As thus presented, if error, it would be harmless error.

4. The state asked the prosecuting witness, after she had testified that defendant and she were engaged to be married, and that he had asked her mother's consent to their marriage, and the date for the marriage had been fixed as the fourth Sunday in March, and that she had made preparation to get married on that date: "State what those preparations were?" To which defendant's counsel objected on the ground that same was immaterial, which was by the court overruled, and the witness answered: "I prepared my clothes to get ready, and there was preaching that day, and me and my brother Riley stayed at home, but he didn't come."

[4] It will be noticed that the only objection was that the evidence was immaterial, and this has been held insufficient as a ground of objection. McGrath v. State, 35 Tex. Cr. R. 413, 34 S. W. 127, 941; Carter v. State, 37 Tex. Cr. R. 403, 35 S. W. 378.

5. These are all the bills of exception in the record, and the complaints of the charge of the court contained in the motion for new trial present no error, when read as a whole, and especially is this true when special charges Nos. 1, 2, 3, and 4 were given at the request of appellant, and they sufficiently present all the matters suggested in appellant's other special charges.

[5, 6] 6. The ground in the motion for new trial alleging newly discovered evidence presents no error. The prosecuting witness states that the act of intercourse took place on February 1st on the way home from a party, and that the child was born on September 30th, just eight months from the date of the alleged act of intercourse. Defendant attaches the affidavit of Mrs. E. L. Wagner, who testifies that she was present when the prosecuting witness was confined, and that the child was a fully developed child. The record discloses that in December appellant moved to his father's home; that this is the neighborhood where Mrs. Wagner resides, and with any sort of diligence he could have discovered the fact that she waited on the prosecuting witness when confined, and what her evidence would be. In Carrico v. State, 36 Tex. Cr. R. 618, 38 S. W. 37, it is held that a new trial will not be granted for newly discovered evidence which could have been discovered by the use of ordinary diligence. See, also,

McVey v. State, 23 Tex. App. 659, 5 S. W. 174; Robinson v. State, 15 Tex. 311; Dansby v. State, 34 Tex. 392; Walker v. State, 3 Tex. App. 70; Butts v. State, 35 Tex. Cr. R. 364, 33 S. W. 866.

[7] In addition to this, the affidavit attached to the motion is sworn to before the attorney of record in the case. This court has held that such affidavits cannot, and will not, be considered on appeal. This question is fully discussed in an opinion by Judge Davidson in Maples v. State, 60 Tex. Cr. R. 169, 131 S. W. 567, and the authorities are there cited. This would not present grounds for a new trial, because the evidence of the physician, Dr. Payne, introduced by appellant is that, while the usual period of gestation for a woman is 280 days, with a variation of 10 days, yet a woman does frequently deliver her first child in eight months.

[8] As to the affidavit of the witness Ayers. On this trial the prosecuting witness admitted that she went with this witness and corresponded with him, and about the only additional fact he states to what she testified is that she told him she did not love any man well enough to marry him. A young girl going with a young man would hardly admit that she was engaged to another man, and as this statement is alleged to have been made a month prior to the time that witness testifies appellant asked her mother to consent to their marriage, and the date of marriage was fixed, the mother also testifying that appellant solicited her consent to the marriage in January, subsequent to the time this witness states in his affidavit, the facts are not such as to authorize a new trial. New trials are granted on account of impeaching testimony only in those instances where the testimony would not only tend to impeach, but also support, the testimony of defendant. In this case the facts alleged would not tend to support the defense of defendant, but could only be used for impeachment. The other affidavits cannot be considered for reasons stated in Maples v. State, supra, but we might state that they are not sufficient to authorize a reversal if considered.

[9] 7. The only other ground in the motion is the alleged insufficiency of the evidence. The prosecuting witness is corroborated by the testimony of her mother in the fact that she is under 25 years of age, and that she and appellant were engaged to be married, and appellant had secured the consent of the parents to their marriage; by her sister in the fact that appellant accompanied her to the party on the night in question; by the fact that appellant was paying her attention during the period stated, and a most significant circumstance is that appellant's mother and father went to the home of prosecuting witness, if appellant's mother is to be believed, and tried to carry the prosecuting witness to a point

to converse with appellant, after she learned that appellant was charged with this offense. This was a question for the jury. It was fairly submitted by the court, and, there being no error in the trial of the case, we will not disturb the verdict.

The judgment is affirmed.