## BERTHA WADE V. THE STATE.

No. 9667.    Delivered February 3, 1926.

Rehearing denied March 17, 1926.

**1.—Murder—Evidence—Objection Insufficient—No Error Presented.**

Where, on a trial for murder, the appellant complains of the admission of testimony to which he interposed the objection that it was immaterial and irrelevant, such objection having been repeatedly held insufficient by this court, no error is presented. See cases collated under Art. 744 Vernon's C. C. P. Following Hickey v. State, 62 Tex. Crim. Rep. 568, and other cases cited.

**2.—Same—Evidence—Cross-Examination—Held Proper.**

Where, on a trial for murder, appellant's defensive theory being insanity, there was no error in permitting the state in its cross-examination of appellant, to ask her why it was, if she did not know right from wrong that she did not kill Alice Meredith (the purported paramour of deceased)

or Mildred the daughter of deceased, or some person beside her husband. In our opinion such cross-examination was permissible on the issue of insanity and appellant's objection that it was irrelevant and immaterial was insufficient.

### 3.—Same—Evidence—Application for Continuance—Properly Extended.

Where appellant on her trial offered in evidence her application for a continuance, which had been overruled, nothing contained in such application being of a competent or pertinent character, same had no legitimate place in the testimony.

### 4.—Same—Argument of District Attorney—No Error Presented.

The objection that in his argument to the jury the district attorney stated that he was tired of juries returning verdicts of manslaughter, does not appeal to us as being other than legitimate comment, and nothing in appellant's bill manifesting any unpropriety in the argument, nor that it was not a proper reply to other arguments in the case, no error is presented.

### 5.—Same—Continuance—No Diligence Shown—Properly Refused.

Where appellant moved for a continuance on account of the absence of two witnesses, and the application fails to show diligence as to one witness, or that the testimony of the other witness had any legitimate bearing on the issues of the case, no error is presented on the refusal of the continuance.

#### ON REHEARING.

### 6.—Same—Continuance—Properly Refused.

Where a bill of exception complaining of the refusal of a continuance is qualified by the court with the statement that the facts expected to be proven by the absent witness, as set out in the motion was given by other witnesses for the defense, and was practically undisputed by the state, no error is shown in the refusal of such application. See Branch's Ann. P. C. Page 189 for citation of numerous authorities.

### 7.—Same—Continuance—Properly Refused.

Where an application for continuance is presented on account of the absence of a witness, whose testimony as it is set out on the motion, would have been of a character incriminatory to her and tending to bring her into disgrace, and which, therefore, the witness, if present, could not be .compelled to give, the refusal to continue for such witness was not error, and the motion for rehearing is overruled. Following Griffith v. State, 62 Tex. Crim. Rep. 642..

Appeal from the District Court of Wichita County. Tried below before the Hon. H. R. Wilson, Judge.

Appeal from a conviction of murder, penalty five years in the penitentiary.

The opinion states the case.

*Davenport, Cummings & Crain* of Wichita Falls, for appellant.

*Sam D. Stinson*, State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—From conviction for murder in the District Court of Wichita County, with punishment fixed at five years in the penitentiary, this appeal is taken.

Appellant killed her husband and sought acquittal on the ground of insanity, or at least the reduction of the offense to manslaughter. She claimed that her husband had been intimate with one Alice Meredith, and that he had mistreated her, and that this with other things preyed on her mind until it became affected. She shot her husband one night about one o'clock, at which time he was lying in the bed, and it is not claimed that he was doing anything manifesting any intention to harm appellant.

The only objection interposed by appellant to the question set out in bill of exception No. 1 was that same was immaterial and irrelevant. Such an objection has often been held insufficient by this court. See cases collated under Art. 744, Vernon's C. C. P.; Hickey v. State, 62 Texas Crim. Rep. 568; Stapp v. State, 144 S. W. Rep. 941; Simms v. State, 148 S. W. Rep. 786.

On cross-examination appellant was asked the question: "If you did not know right from wrong, why didn't you go out and seek Alice Meredith and kill her?" It is not shown that this question was answered, but the bill shows that the State's attorney then asked appellant: "Can you tell the jury why it was you didn't kill Mildred (daughter of deceased) or Alice Meridith or some other person beside your husband?" The only objection urged to this was that it was irrelevant and immaterial. The objection is not sufficient upon the authorities above mentioned. The answer of witness was that she did not know why she did not kill somebody else. In our opinion the cross-examination was permissible.

Appellant offered in evidence a subpoena issued at the instance of the defense for Alice Meredith. We are wholly unable to comprehend the purpose back of the introduction of said subpoena. We perceive no issue before the jury upon which same would have any legitimate bearing.

Appellant offered in evidence her application for a continuance in this case. We think same was properly rejected and that same had no legitimate place in the testimony.

There was a complaint directed at the remark of the district attorney to the jury that he was tired of juries returning verdicts of manslaughter. Appellant sought to have the jury instructed not to consider such argument, which request was

refused.   There is nothing in the bill which manifests the impropriety of the argument referred to.   No reference was made to the verdict of any particular jury, nor is it shown that the matter was not in legitimate reply to other argument in the case, nor are the surroundings or settings of said argument put in the bill.

There is a bill to the overruling of an application for a continuance sought because of the absence of two witnesses.   We are of opinion that the application fails to show diligence as to the witness Smith, and that the testimony stated to be that expected of the witness Meredith was not such as would have any legitimate bearing upon the issues of this case.   No subpoena for either witness is attached to the motion as is generally held necessary in order to apprise this court of the diligence used.

We have carefully examined and considered each contention made by appellant, and being unable to agree that any of same are sound, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant urges in her motion only that we erred in upholding the action of the trial court in refusing to grant her application for continuance because of the absence of Alice Meredith.   In addition to what we said in our former opinion on this point, we call attention to the fact that the bill of exceptions presenting this complaint is qualified by the statement of the trial court that the testimony expected of said witness was given by other witnesses for the defense and was practically undisputed by the State.   Mr. Branch, on page 189 of his Annotated P. C., cites many authorities supporting the proposition that if substantially the same testimony as that absent be produced at the trial, the discretion of the trial court in refusing the continuance will not be revised on appeal.   The court's qualification is not questioned.

We further note that the testimony expected from said witness would have been of a character incriminating to her and tending to bring her into disgrace.   In such case had the witness been present she could not have been compelled to give the testimony referred to, and a refusal to continue for such witness was not error.   Griffith v. State, 62 Tex. Crim. Rep. 642, opinion by Davidson, P. J.   This is the only point raised in the motion.

The motion for rehearing will be overruled.

*Overruled.*