### J. N. BLAIN ET AL. V. THE STATE.

*No. 538. Decided May 1.*

1. **Statement of Facts—Filing of—Practice on Appeal.**—A statement of facts not filed until after the expiration of the ten days allowed after the term will not be considered on appeal.

2. **Bills of Exception.**—Objections not mentioned in bills of exception are deemed to be waived.

3. **Bail Bond—Requisite of—Date of Indictment.**—The date of the filing of the indictment is not one of the requisites of a bail bond given for appearance to answer same.

4. **Scire Facias—Evidence.**—On a scire facias trial on a forfeited bail bond, where the State introduced in evidence a bail bond, judgment nisi, and capias for the principal in the bond, and no objection was interposed to the introduction of the same, *Held*, that a mistake in the bail bond, as the date of the indictment, was immaterial.

APPEAL from the District Court of Gonzales. Tried below before Hon. T. H. SPOONER.

This appeal is from a judgment final of $200 on a forfeited bail bond. No statement necessary.

*W. W. Glass*, for appellant.

*Mann Trice*, Assistant Attorney-General, for the State.

HURT, PRESIDING JUDGE.—Appeal is prosecuted from judgment final upon a forfeited bail bond. Ten days was allowed after term time in which to file a statement of facts, but was not complied with, and no reason given for such want of diligence. The statement of facts can not be considered. A bill of exceptions was reserved, which recites: "That the State was permitted to introduce in evidence a bond executed by these defendants for said Blain, reciting an indictment filed in the District Court of Gonzales County on the 12th day of January, 1893, when in fact there was no such indictment ever filed in such court; and a judgment nisi, with capias for defendant Blain; and an indictment presented into court on the 12th day of January, 1892; when we were cited to answer a bond reciting the filing of an indictment in court on the 12th day of January, 1893, when there was

no such indictment ever presented in this court. Judgment was made final over objection of defendant." The court stated, in approving this bill, "that the recital of the filing of the indictment in the bond as complained of by defendants is not a requisite of bail bond, under article 288 of the Criminal Procedure." The objection is to the validity of the judgment on the evidence mentioned in the bill, and not to the admission of the evidence. Objections not mentioned are deemed to be waived, is a settled rule in regard to bills of exceptions. The date of filing the indictment is not a requisite of the bail bond. There was an indictment as a foundation of the prosecution. There was no objection to the introduction of these matters in evidence, and, if the indictment offered in evidence was not of the proper date, an objection should have been reserved. If there had been an objection, however, to the introduction of the indictment because of a mistake in date, we are of opinion that such objection would not have been a valid one, because the date was altogether immaterial, and there may have been, and doubtless was, an indictment pending charging the offense named in the bond.

The judgment is affirmed.

*Affirmed.*

Judges all present and concurring.