## FRED McCULLAR v. THE STATE.

### *No. 897.    Decided June 17th, 1896.*

**1.    Bill of Exception to Exclusion of Evidence—Approval of Judge.**

A bill of exceptions to the exclusion of evidence, which has not been approved by the judge, will not be considered on appeal.

**2.    Seduction—Evidence as to Reputation of Prosecutrix—Remarks of the Court.**

On a trial for seduction, where a witness testified that the reputation of the prosecutrix for chastity was good, and, on cross-examination, stated that he had never heard any one speak of her reputation in that respect; whereupon defendant asked the court to exclude the testimony of the witness, and, the court, in overruling this request, remarked: "There is no higher evidence of the good character of a person than that it was never discussed; that fact is the very best evidence of good character." Held:    Upon the weight of evidence and erroneous.

**3.    Same—Charge of Court.**

On a trial for seduction, the prosecutrix is an accomplice, and the court should instruct the jury, that there must be other testimony, besides that of the prosecutrix, tending to show that she was induced to indulge in the carnal intercourse by reason of defendant's promise to marry her.

**4.    Seduction—Gist of the Offense.**

The gist of the offense of seduction is, the promise of marriage by the accused, and the yielding, by the prosecutrix, of her virtue in consequence of the promise.

APPEAL from the District Court of Wilson.    Tried below before Hon. THOS. H. SPOONER.

This appeal is from a conviction for seduction, the punishment being assessed at two years' imprisonment in the penitentiary.

The name of the prosecutrix is Anna May Lindsey, and she testified, that she was 19 years of age; had known defendant for six years; had been engaged to marry him going on three years, and they were to have been married in March, 1895; that, in April, 1894, as she was coming from church with defendant, in a sulky, he over-persuaded her, and, under his renewed promise of marriage, she had carnal intercourse with him.    And, that they had intercourse several times thereafter; and, that she became pregnant by him.    That, upon agreement with defendant, she went to San Antonio, where they were to be married.    That, after arriving there, they postponed the marriage, at the instance and request of defendant, on account of the fact that all the members of his family

were sick with measles. Upon her return home, she was taken with measles, and while she was down sick with them, defendant married Miss Eva Peak.

A number of witnesses testified to the good character of the prosecutrix, for chastity, up to her pregnancy. A Mr. Chase testified to her good character in this respect; on cross-examination, it was developed, that said witness had never heard any one speak of, or discuss her reputation. Whereupon, the defendant moved the court to exclude the testimony of the said witness, which the court refused to do, with the remark in the presence and hearing of the jury, "The authorities agree, and the courts have held, that there is no higher evidence of the good character of a person, than that it was never discussed. That fact is the very best evidence of good character." Defendant saved a bill of exceptions to the action of the court, and especially to these remarks.

B. F. Ballard, T. P. Morris, and A. J. Williams, for appellant,. filed an able brief in the case.

Mann Trice, Assistant Attorney-General, for the State.

[No brief found with the record.—Reporter.]

DAVIDSON, JUDGE.—Appellant was convicted of seduction, and given two years in the penitentiary, and prosecutes this appeal. There is nothing in appellant's motion to quash the indictment in this case. It follows the statutes, and is in accordance with Willson's form on the subject. On the trial of this case, the defendant introduced Eliza Mc-Cullar to prove that Anna May Lindsey was not a woman of virtuous character. Said witness testified on her direct examination that she knew the general reputation of Anna May Lindsey in the community in which she lived, as a woman of virtue and chastity, and that such reputation was bad; and afterwards, on her cross-examination, by the State, she testified that she had heard different ladies in the neighborhood speak disparagingly of her conduct as early as April, 1893. She also stated that she had "heard it said, a half dozen or more times, that Anna May Lindsey would not do, and that her language was rough, and her manner rude, and did improper things with men." On further examination, this witness stated that she never heard any person say she was not a virtuous woman. The State then objected to said testimony, and asked to have it excluded from the jury. The court excluded the same, and the defendant reserved his bill of exceptions thereto. This bill of exceptions appears in the record, but it is not approved by the trial judge. The evidence appears to have been admissible, but, as the bill is not approved, we cannot consider it. The State introduced one Chase, as a witness, who testified that the reputation of Anna May Lindsey for virtue and chastity was good in the community in which she lived. On cross-examination, the said witness stated that he had never heard any one speak of the reputation of said Anna May Lindsey in that respect. Thereupon the defendant objected to said testimony, and asked that the

same be excluded. The court thereupon overruled the objection of appellant, and in that connection remarked: "The authorities agree, and the courts have held, that there is no higher evidence of the good character of a person than that it was never discussed. That fact is the very best evidence of good character." Appellant objected to the remark made by the court in connection with the exclusion of said evidence, and saved his bill of exceptions thereto. It may be true, as stated by the court, that a witness may be qualified to speak of the general reputation of a person as to some quality without having heard the person's character in that respect discussed. But, in this case, the character of the · prosecutrix for chastity was a direct issue in the case, and for the court to remark, in the presence of the jury, in passing on the admissibility of such testimony, that the fact that the witness had never heard the reputation of the prosecutrix in that regard discussed was the very best evidence of her good character in that respect, was a remark upon the weight of the testimony made in the presence of the jury, and was calculated to impress them with the idea that the testimony of the witness as to the character of the prosecutrix in the respect inquired about was of the very highest. No doubt the learned judge simply meant to state that the predicate laid by such testimony was sufficient to enable the witness to speak as to the character of the prosecutrix. If he had said this, no evil result could have ensued; but, instead thereof, his expression was calculated to impress the jury that the evidence as to the character of the prosecutrix came from the very highest source. This, we think, was error. See, Wilson v. State, 17 Tex. Crim. App., 525; Cook v. State, 27 Tex. Crim. App., 198; Reason v. State (Tex. Crim. App.), 30 S. W. Rep., 780; Lawson v. State (Tex. Crim. App.), 32 S. W. Rep., 895; Kirk v. State, 35 Tex. Crim. Rep., 224. As is usual in this character of offenses, the State relied mainly on the testimony of the prosecutrix for conviction. Under our statutes she is regarded as an accomplice, and it is imperative that the State introduce other testimony, outside of her evidence, tending to connect the defendant with the commission of the offense. The court gave a charge on this subject, but, in view of the evidence in this case, we would suggest that, on another trial thereof, the court instruct the jury clearly and explicitly that there must be testimony, outside of that of the alleged accomplice, tending to show that the defendant induced the prosecutrix to have carnal intercourse with him by reason of his promise to marry her; that is, they must believe that the defendant did promise to marry the prosecutrix, and that, by reason of such promise, she was induced to yield her virtue to him. As was said in Putnam v. State, 29 Tex. Crim. App., 454, quoting from Boyce v. People, 55 N. Y., 644: "The offense consists in enticing a woman from the path of virtue, and obtaining her consent to illicit intercourse by promise made at the time. The promise and yielding her virtue in consequence thereof is the gist of the offense. If she resists, but finally assents or yields thereto in reliance upon the promise made, the offense is committed." Appellant in this case asked

several special charges, which might with propriety have been given; but no exceptions were reserved to the refusal of the court to give said charges, and we do not consider them. We think the court correctly refused to give the special charge asked by the appellant on his minority. For the error of the court in his remark in passing upon the admissibility of testimony above discussed, the judgment is reversed, and the cause remanded.

*Reversed and Remanded.*