· Will Fine v. The State. .

No. 2895.   Decided December 16, 1903.

**1.—Seduction—Promise of Marriage—Evidence—Corroboration.**

Where the parties are engaged to be married, and the injured female, relying upon the promise of marriage, yields to the wiles and artifices of appellant, who, under such circumstances, procured carnal intercourse with such female, then the crime of seduction is complete although the promise of marriage be not repeated at the time of such intercourse. The fact that prosecutrix was engaged to appellant for about six months, and that he had continuous opportunities to have had such intercourse, and the further fact that one witness saw them in the act on one occasion, is abundant corroboration as to the intercourse.

**2.—Same—Engagement to Marry.**

Where the testimony tends to show that the parties continuously associated together for two years, is a very slight circumstance tending to prove an engagement to marry, as such intercourse might be accounted for on the theory that such parties were having carnal intercourse with each other; and such continuous intercourse would serve to destroy the idea that the parties intended to marry or that prosecutrix was relying on the promise of marriage when she surrendered her virtue; Held, such evidence is not sufficient to corroborate prosecutrix as to the fact of her engagement to marry appellant.

**3.—Misconduct of Jury—Failure of Defendant to Testify.**

Where it is clearly shown by testimony and affidavits of nearly all the jurors that the failure of defendant to testify was discussed and commented on in the jury room, this court will not speculate as to whether injury was done, but will reverse the case.

**4.—Same—Charge of Court.**

Where the court charges on the subject of defendant's failure to testify at all, it should certainly be coupled with an instruction not to discuss or consider such failure of appellant to testify.

Appeal from the District Court of Hood. Tried below before Hon. W. J. Oxford.

Appeal from a conviction of seduction; penalty, four years imprisonment in the penitentiary.

The facts are stated in the opinion.

W. L. Dean and Estes & Douglass, for appellant.

Howard Martin, Assistant Attorney-General, for the State.

HENDERSON, Judge.—Appellant was convicted of seduction and his punishment assessed at confinement in the penitentiary for a term of four years.

Appellant insists that the corroboration of prosecutrix is not sufficient even if it be conceded that her testimony makes out a case. An examination of the record shows that she testified that she became engaged to appellant, and about six months after the engagement she had intercourse with him. She says that she did so because he promised to marry her, and because he persuaded her, telling her that he was going to marry her, and that other people who were engaged to marry did the like. She is not definite as to the date when this occurred, whether in

1900, 1901 or 1902. She fixes the time, however, by the fact that one Straley worked at her father's, and from other testimony it appears that Straley worked there in the year 1900. The indictment charges the offense to have been committed in 1902. However, she relates that she continued to have intercourse with appellant almost continuously every week, and sometimes oftener, when she would meet appellant, until about Christmas, 1902. About that time she found herself enceinte, and wrote to appellant, who was then at Fort Worth, about her condition. He came over, and she wanted him to marry her. He went back to Fort Worth, telling her he would see if he could secure a house. Afterwards he came back and told her he could not, but that he would rent a farm and they would marry and live on the farm. He went off after this and she did not see him again until after his arrest.

The only corroboration that we see in the statement of facts is that other witnesses testified that from the year 1900 on up to 1902, appellant associated with prosecutrix, went to parties, religious occasions, etc., with her, and in fact he was almost the only male person who did associate with her. One other witness says that appellant told him on one occasion that prosecutrix was his girl.

As was said in Bailey v. State, 38 S. W. Rep., 185, in order to consummate the crime of seduction, the female must rely on the promise of marriage, yet this need not be contemporaneous with the act of carnal intercourse. If the parties were engaged before, and on account of this engagement, and because the female relied on the same and loved the person to whom she was engaged, and under such circumstances appellant by his wiles and artifices procured carnal intercourse of such female, then the crime of seduction would be complete, although the promise to marry was not repeated at the time of the intercourse. In this particular case, according to the prosecutrix's testimony she had been engaged to appellant about six months at the time she claims to have been seduced; and we may concede that as to appellant having intercourse with prosecutrix, the fact that he had continuous opportunities to have had such intercourse, and moreover, one witness testified that he saw them in the act of intercourse on one occasion, she is abundantly corroborated as to the intercourse. However, the main contention is that she is not corroborated as to any engagement or promise on the part of appellant to marry her. The only circumstance that tends in this direction is the continuous association between the parties for about two years. But it seems to us that this of itself is a very slight circumstance. Women often go in the company of men for months and years without an engagement to marry. This intercourse may be accounted for on the theory that the parties were having carnal intercourse with each other, as the testimony tends to show, for more than two years. This case would rather come under the decision in Spenrath v. State, 48 S. W. Rep., 192, where we held that such continuous intercourse would serve to destroy the idea that the parties intended to marry, or that

prosecutrix was relying on the promise of marriage when she first surrendered her virtue. We do not believe that the evidence in this record sufficiently corroborates the prosecutrix as to her engagement to marry appellant, and that she was induced on account of this engagement and promise on his part to marry her to have carnal intercourse with him. Snodgrass v. State, 31 S. W. Rep., 366; McCulloch v. State, 36 S. W. Rep., 585; Gorzell v. State, 2 Texas Ct. Rep., 670.

Appellant also raises a question as to the misconduct of the jury. This matter was raised by motion; a contest was had and the question tried by the court, the court overruling the motion for new trial based on this ground. An examination of the record on this point shows that the court was in error. By the testimony and affidavits of nearly all the jurors, it is shown that the matter of the failure of defendant to testify was discussed and commented on in the jury room. However, the jurors concur in saying that it did not influence them. The decisions indicate that where it is shown that the failure of defendant to testify is discussed and commented on in the jury room, the court will not speculate as to whether injury was done, but will reverse the case. Tate v. State, 38 Texas Crim. Rep., 261; Wilson v. State, 39 Texas Crim. Rep., 365; Buessing v. State, 63 S. W. Rep., 318. In this connection we would observe that the court's charge on this subject is a little peculiar. He brought the attention of the jury to the matter by instructing them as follows: "The law allows defendant to testify in his own behalf, but a failure to do so is not even a circumstance against him, and no presumption of guilt can be indulged in by the jury on account of such failure on his part." While this served to call appellant's failure to testify directly to the attention of the jury, it did not, in terms, tell the jury that they were not warranted or authorized to discuss or comment on the fact that appellant did not testify. If the court charged on this subject at all, it should certainly have been coupled with an instruction not to discuss or consider appellant's failure to testify.

For the errors discussed, the judgment is reversed and the cause remanded.

*Reversed and remanded.*