## IRA HANEY v. THE STATE.

### No. 4625. Decided October 17, 1917.

#### 1.—Seduction—Corroboration—Statutes Construed.

Under article 789, C. C. P., it is required that the prosecutrix be corroborated in cases of seduction, and where the evidence showed the association of the parties, proof of offspring, evidence of flight, conversations with defendant, and other circumstances showing defendant's connection with the offense, the same was sufficient to sustain a conviction of seduction. However, related acts and conversation of the accomplice occurring subsequent to the offense, which in the absence of definite instructions to the contrary, may have been treated by the jury as corroboration was error, and, therefore, the judgment must be reversed and the cause remanded. Following James v. State, 72 Texas Crim. Rep., 155.

#### 2.—Same—Charge of Court—Requested Charge—Subsequent Acts.

Where, upon trial of seduction, the court in his charge in a general way submitted the law of corroboration, but under the facts, the court should have submitted the requested special charge that acts and declarations of the accomplice subsequent to the act of intercourse could not be used to corroborate her testimony, and a failure to do so was reversible error. Following Barnard v. State, 45 Texas Crim. Rep., 67, 76 S. W. Rep., 475.

Appeal from the District Court of Hood. Tried below before the Hon. J. B. Keith.

Appeal from .a conviction of seduction; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*M. L. Arrington* and *Moore & Myres,* for appellant.—On question of corroboration: Wooley v. State, 96 S. W. Rep., 27; Spenrath v. State, 48 id., 192; Snodgrass v. State, 36 Texas Crim. Rep., 207; McCullar v. State, 36 id., 213; Bailey v. State, 36 id., 540.

*E. B. Hendricks,* Assistant Attorney General, for the State.

MORROW, JUDGE.—This is a conviction for seduction. Nettie Cheek, an accomplice, testified to promises of marriage, an engagement lasting about twelve months, and one act of intercourse. The appellant thinks there is an absence of evidence of corroboration. The statute, article 789, C. C. P., demands corroboration as a predicate for conviction. Without going into details, we think the record discloses evidence upon which the jury would be justified in finding in favor of the State on the issue of corroboration. There was association of the parties, proof of the offspring, evidence of flight, and conversations with appellant and other circumstances in view of which we would be unwilling to hold that the evidence of corroboration was insufficient. It was controverted, however, and there were related acts and conversations of the accomplice occurring subsequent to the offense which, in the absence of definite instructions to the contrary, by the court, may have been treated by the jury as corroboration and may have entered into the verdict. The subsequent acts and declarations of the accomplice should not be used to corroborate her. James v. State, 72 Texas Crim. Rep., 155; McCullar v. State, 36 Texas Crim. Rep., 213; Snodgrass v. State, 36 Texas Crim. Rep., 207, 31 S. W. Rep., 366; art. 789, C. C. P. The court embodied in his charge the law of corroboration in a general way which, in the absence of a request for additional instructions, was sufficient. The appellant requested a special charge, framed in appropriate language, to inform the jury that acts and declarations of the accomplice subsequent to the act of intercourse could not be used to corroborate her testimony. The proper safeguard of appellant's rights under the statute, considering the state of the record, require that this charge be given on request. In a similar case this court has so held. Barnard v. State, 45 Texas Crim. Rep., 67, 76 S. W. Rep., 475. No other error is disclosed.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*