## WILLARD KENNEDY V. THE STATE.

No. 9527.   Delivered December 2, 1925.

Rehearing granted March 10, 1926.

Rehearing denied State May 5, 1926.

1.—Seduction—Bills of Exception—Question and Answer Form—Not Considered.

Where bills of exception are presented to this court in question and answer form, under Art. 846 Vernon's C. C. P. and the unbroken line of decisions by this court, such bills of exception will not be considered. This disposes of appellant's bills 1, 2 and 6.

2.—Same—Bills of Exception—Incomplete—Present No Error.

Where bills of exception do not show what objections were urged to the admission of the testimony complained of, and are insufficient in not setting out sufficient facts to show this court that the evidence was not admissible, we presume that the ruling of the trial court was correct.

3.—Same—New Trial—Properly Refused.

Where appellant moved for a new trial on the ground of the newly discovered evidence of the trial judge who heard the habeas corpus proceedings of this case and testimony of the prosecution thereon, such testimony being clearly shown to have been given in the presence of appellant, could not possibly come under the head of newly discovered evidence, and no error is presented in the refusal of a new trial.

4.—Same—Charge of Court—No Exceptions Taken—No Error Presented.

Where appellant complains for the first time in his brief of the court's charge to the jury, but the record does not show that any objections or exceptions to said charge were urged at the proper time, no error is presented.

ON REHEARING

**5.—Same—Corroboration of Prosecutrix—Held Not Sufficient.**

Under the seduction laws of this state, the prosecutrix being an accomplice, her testimony as to the promise to marry, must be corroborated by the same quantum of proof required by other accomplices. In the instant case, the only testimony which could be regarded as in any way corroborative, was an effort made by the uncle of the appellant to suppress the prosecution by the payment of money to prosecutrix, which did not embrace any admission of guilt. We hold this as insufficient corroboration and appellant's motion for rehearing is granted and the cause reversed.

ON REHEARING BY STATE

**6.—Same—Continued.**

The state on rehearing insists that the corrobation of the prosecutrix is sufficient. We cannot agree to this. While it is true that any statement or conduct of a person indicating a consciousness of guilt, is admissible as a circumstance on his trial it would require no argument to make plain the proposition that the offer of money by the uncle of appellant, or the telephone communication to the mother of prosecutrix in which appellant told her he was going to leave, and to tell her daughter he would do what he could for her, would amount to corroboration of either element of the offense. Distinguishing Klepper v. State, 223 S. W. 469.

Appeal from the District Court of Bexar County. Tried below before the Hon. W. W. McCrary, Judge.

Appeal from a conviction for seduction, penalty two and one-half years in the penitentiary.

The opinion states the case.

*Hull & Oliver* and *Simmons & Mahaffy,* for appellant.

*C. M. Chambers,* District Attorney; *Carl Wright Johnson,* Assistant District Attorney; *Sam D. Stinson,* State's Attorney, and *Nat Gentry, Jr.,* Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted in the 94th District Court of Bexar County of the offense of seduction, and his punishment assessed at two and a half years in the penitentiary.

The theory of the State is that the appellant had intercourse with the prosecutrix, Mary Koscharek, under promise of marriage. The appellant admitted the intercourse, but denies the promise of marriage.

We find in the record seven bills of exception. Bills of exception 1, 2 and 6 are entirely in question and answer form, which under the statutes and holdings of this court we are unable to consider. Vernon C. C. P., Art. 846.

Bills 3 and 4 fail to show what objections were urged to the

admission of the testimony complained of, and are insufficient in not setting out sufficient facts to show this court that said evidence was not admissible, otherwise, the ruling of the trial court thereon is presumed correct.

Bill 5 complains of the action of the court in refusing to instruct a verdict of not guilty. There is no merit in this contention.

Bill of Exception 7 complains of the action of the court in refusing to grant a new trial for alleged newly discovered evidence. This bill shows that the alleged newly discovered testimony is the testimony of Hon. W. S. Anderson, the Judge who heard the habeas corpus proceedings of this case and testimony of the prosecutrix thereon. This bill clearly shows that the testimony set out in the motion for new trial was introduced in said habeas corpus proceedings in the presence of the defendant, and could not possibly come under the head of newly discovered evidence, and said bill does not show any error in the ruling of the trial court in this instance.

Appellant complains for the first time in his brief to the court's charge to the jury, but the record discloses that there were no exceptions or objections urged thereto at the proper time, and for that reason we are unable to consider same.

The appellant contends that the evidence is insufficient to support the conviction in this case. We think the testimony of the State which was accepted by the jury makes out a case against the appellant, and that the evidence of the prosecutrix was sufficiently corroborated under the law.

We find no error in the record and the judgment of the trial court is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, Presiding Judge.—According to the testimony of Mary Koscharek, the prosecutrix, she lacked some two months of being eighteen years of age on May 15, 1923, the date on which the first act of intercourse took place. She said that she and the appellant went in a vehicle to a point four or five miles from San Antonio; that they got out of the car and appellant made love to her, and "she naturally loved him." When he asked

for carnal favors she told him that they were not married. He said: "We are going to get married, anyhow." He further said: "Well, I promise to marry you anyhow; we are going to get married anyhow. * * * If you will let me do this, I will marry you. I am going to marry you anyhow." She said that appellant had promised to marry her previous to that time. The prosecutrix gave birth to a baby on February 19, 1924. Their relations continued until November, 1923. When she reported her condition to the appellant, he said: "Well, just keep quiet; I will fix it up. I will do the right thing by you; I will marry you."

Upon the examining trial the prosecutrix testified that upon the first act of intercourse, appellant said that if she ever got in a family way he would marry her. He further said that whenever she became pregnant, he was going to marry her anyhow. They had been keeping company for about two months before the first act of intercourse, going to dances and other places of amusement.

The mother of the prosecutrix testified that she had a conversation with the appellant over the telephone in November, 1923; that the person calling gave his name as Willard Kennedy; that to the best of her judgment, she recognized his voice. He asked the whereabouts of Mary. The witness replied: "She is at work yet. * * * What do you want?" Appellant replied: "I am leaving. * * * Tell her good-bye, and tell her that I will do all I can for her." The witness said that the prosecutrix was keeping company with no other men at that time. The witness further said that the appellant and Richard Kennedy, some weeks before the present trial, came to her house and said that they came to settle the business. The purport of this testimony is to the effect that the appellant and his uncle, after the prosecution had been instituted, wished to avoid it by the payment of money. Appellant admitted his relations with the prosecutrix but denied any promise of marriage. To sustain a conviction, corroboration upon that phase of the statute is essential. See Slaughter v. State, 86 Texas Crim. Rep., 527. We confess our inability to find testimony meeting the requirement of the law forbidding convictions upon the uncorroborative testimony of the prosecutrix.

The fact that the appellant telephoned to the mother of the prosecutrix and used the language therein imputed to him by her and the fact that after the prosecution was begun there was an effort to have it concluded by the payment of money seem to be the only testimony relied upon or available to the State as

corroborative of the testimony of the prosecutrix to the effect that there was a promise of marriage. Neither of these mentioned any promise of marriage; nor do we conceive them to be cogent circumstances supporting that theory. The appellant was a soldier and was transferred from one government post to another. That upon leaving he may have called up the girl over the telephone and failing to get her, told her mother to tell her good-bye and that he would do anything that he could for her does not occur to us'as either an express or implied admission of the promise of marriage. It is entirely consistent with the appellant's theory of the case as revealed by his testimony, namely, that his relations with the girl were not induced by the promise of marriage and that he was not the only one to whom like favors had been extended. Nor does his effort to suppress the prosecution by the payment of money necessarily imply that the prosecution was well founded. Taking the entire evidence upon that subject, it seems that the girl and her family were not unwilling to entertain an agreement to abandon the prosecution but for the intervening circumstances which prevented it.

We are not prepared to say that the testimony of the prosecutrix was such as to characterize her consent to the appellant's relations with her upon a condition of promise. However, the evidence is such as raised an issue upon that subject. At any rate, the corroborating evidence is deemed insufficient.

The motion for rehearing is granted, the affirmance is set aside, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—The State insists, in support of its motion for rehearing, that we erred in holding the testimony insufficient to corroborate prosecutrix on the point of appellant having obtained carnal knowledge of her by a promise to marry her. We have again carefully reviewed the testimony in the light of the State's motion. Only three witnesses testified for the State. The mother of prosecutrix and a witness named Newton were relied on to supply the corroborating testimony. The only thing appearing in the testimony of the mother of prosecutrix in anywise corroborative of the proposition of a promise to marry, appears in the statement made by the witness to the effect that appellant called up her daughter on one occasion, and finding that the daughter was not at home, asked witness to tell prosecutrix for him that he was leaving and that he would do all he could for her. The mother said that she knew

nothing of appellant keeping company with prosecutrix except by what the prosecutrix told her. This witness on redirect examination by the State further testified that appellant and one Richard Kennedy came to her house about six weeks before the trial of the case and said they came to settle the business, wanted to settle it in money matters, and that she refused to settle it, telling them that it was in the court's hands. The conversation was had mainly with Richard Kennedy.

The witness, Newton, testified for the State that something like six weeks before the trial he talked to appellant in the district attorney's office and appellant said that he went out to talk to prosecutrix for· the purpose of settling this case and that he had offered her some money· and wanted to settle it out of court. This appears to be all of the corroborating testimony and we confess our inability to see how it can be compared with the case of Klepper v. State, 223 S. W. Rep., 469, cited by the State in its motion as authority. We have no doubt of the correctness of the statement in Sec. 200 of Underhill on Criminal Evidence to the effect that any statement or conduct of a person indicating a consciousness of guilt, where he is charged with or suspected of crime, is admissible as a circumstance against him on his trial; and the fact that he offers to pay money to stifle the investigation or prosecution is mentioned as such circumstance. It seems to have been laid down uniformly by this court that there must be corroboration of the prosecutrix both as to the fact of carnal knowledge, and also of the fact ·that same was obtained by a promise to marry. It would require no argument at our hands to make plain the proposition that it would be utterly impossible to say that the offer of money by Richard Kennedy, the uncle of appellant, even if attributable to appellant who was present, would amount to corroboration of either element of the offense, corroboration of which is necessary.

We believe the matter correctly decided in the original opinion, and the motion for rehearing by the State will be overruled.

*Overruled.*