SOL BARRON v. THE STATE.

No. 14278. Delivered October 21, 1931.
On Motion to Reinstate February 3, 1932.

The opinion states the case.

*Estes & Estes,* of Granbury, and *J. A. Johnson,* of Stephenville, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is seduction; the punishment, confinement in the penitentiary for two years.

There being no sentence in the record, we are not authorized to consider the appeal on its merits. A final judgment is necessary to confer jurisdiction upon this court. Butler v. State (Texas Crim. App.), 8 S. W. (2d) 183.

The term of court at which appellant was convicted, as shown by the caption, ended on the 27th day of November, 1930. We find in the record a purported recognizance in which it is shown that appellant and his sureties appeared in open court on November 28, 1930, and acknowledged themselves to be bound in the amount in said recognizance stipulated. The recognizance was manifestly entered into after the adjournment of the term. If the accused fails to enter into a recognizance during the term, in order to be released he must execute an appeal bond in accordance with the provisions of article 818, C. C. P. There is no authority for entering into a recognizance on appeal after the adjournment of court. Jones v. State (Texas Crim. App.), 31 S. W. (2d) 644.

The appeal is dismissed. Appellant is given 15 days from this date in which to perfect the record.

*Dismissed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION TO REINSTATE APPEAL.

MORROW, PRESIDING JUDGE.—The record having been perfected, the appeal is reinstated and the case considered on its merits.

The prosecutrix, Maggie Price, and the appellant were approximately

seventeen years of age on the date the offense was alleged to have been committed. According to her testimony, the act of intercourse occurred about three months after she and appellant became acquainted and while they were sweethearts. Touching the act of sexual intercourse upon which the prosecution is predicated, the testimony of the prosecutrix is quoted as follows: "At that time, the defendant asked me for intercourse; he asked me to have intercourse with him; we were then over there by the ranch,—the Landers Ranch; well, it is about four miles from Tolar west; and it was on the Highway. What I said to him was "No". When I said that, he asked me again; and then he promised he would marry me. Well, he asked me, then I told him "No"; then he asked me again; so he said that he would marry me. At that time he was loving me. We had then stopped on the road."

The prosecutrix testified further that she finally submitted to the act of intercourse on the appellant's promise to marry her, and that thereafter, on many occasions, she and appellant engaged in similar acts. Prosecutrix became pregnant, and prior to the trial of the instant case, gave birth to a child. She also testified that she told appellant about her condition and he told her that he would marry her. She said that she "got ready; got my clothes together and got ready that evening."

The mother of the prosecutrix testified that after the prosecuting witness became pregnant, she (the witness) told appellant that he had "ruined her girl"; that he said: "Yes, ma'am;" that she stated to appellant that he was going to marry the prosecutrix; that appellant said: "Yes, ma'am, I will"; that she asked appellant if he had done what the prosecutrix said he had; that appellant replied in the affirmative; that appellant stated that he had to make some arrangements before he could marry; that she told him, "All right"; that he must marry the girl. Appellant said he would go home and make arrangements and be back on the following day; that he did not keep his promise to return. It appears from the testimony that the prosecutrix and her step-father were present when this conversation was had. The step-father was dead at the time of the trial.

Appellant introduced many witnesses who testified that his general reputation for being peaceable and law-abiding was good. He did not testify in his own behalf.

Other witnesses for the appellant raised the issue of alibi, which was submitted in the charge of the court.

To sustain a conviction for seduction, it is essential that the prosecutrix be corroborated. This is specifically declared in article 709, C. C. P., 1925. It is likewise necessary that the corroboration extend to both the promise of marriage and the act of intercourse. See Slaughter v. State, 86 Texas Crim. Rep., 531, 218 S. W., 767, 769, from which the following quotation is taken: "Our reports are replete with cases in

which it is made clear that this court would not permit a verdict of conviction to stand where the offense was proved by the seduced female, and there was an absence of evidence aside from her own tending to show that the accused had promised to marry her."

It is essential, to sustain the conviction, that the corroborative evidence, whether it be circumstantial or direct, must come from some source other than the prosecutrix. It has been said: "The subsequent acts and declarations of the accomplice could not be used to corroborate her." Haney v. State, 81 Texas Crim. Rep., 651, 197 S. W., 1102. See also James v. State, 72 Texas Crim. Rep., 155, 161 S. W., 472; McCullar v. State, 36 Texas Crim. Rep., 215, 36 S. .W., 585; Snodgrass v. State (Texas Crim. App.), 31 S. W., 366. The statement, however, is subject to the qualification that there are some acts of the prosecutrix which may be relevant as circumstances supporting the corroboration, provided always that the proof of them comes from a witness other than the prosecutrix. See Ice v. State, 84 Texas Crim. Rep., 509, 208 S. W., 343; Underhill on Evidence, sec. 389; State v. Waterman, 75 Kansas, 253, 88 P., 1074.

The declarations imputed to the appellant by the testimony of the mother of the prosecutrix were relevant upon the issue of the corroboration of the prosecutrix upon the sexual relations, and if so regarded by the jury under proper instructions might be considered as sufficient to corroborate the prosecutrix on the alleged fact of the sexual relations. We are constrained to conclude, however, that such testimony has no cogency, or at least, is not sufficient to corroborate the prosecutrix's testimony to the effect that she submitted to the appellant's embraces upon his unconditional promise to marry her. The alleged promise to marry the prosecutrix, as detailed by her mother's testimony, does not seem to imply a promise made previous to the sexual act, but a subsequent promise induced by the result of the intercourse. In the absence of corroboration upon that issue the conviction cannot stand. The statute, as construed, forbids it.

The statement of the prosecutrix upon the witness stand that she got her clothes ready for the wedding is of no weight as corroborative of the appellant touching the alleged promise of marriage. She could not corroborate herself.

There was a request made and refused that an instruction be given to the jury that the subsequent declarations of the prosecutrix were not available to corroborate her. The charge sould have been given. See Barnard v. State (Texas Crim. App.), 76 S. W., 475.

For the reasons stated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*