## THEO ACTKINSON V. THE STATE.

No. 18387.   Delivered June 24, 1936.
Second Motion for Rehearing Denied March 17 1937.

136

The opinion states the case.

*Crenshaw & Dupree,* of Lubbock, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—Appellant was convicted of the offense of seduction, and his punishment was assessed at confinement in the state penitentiary for a term of two years.

The only question presented by this record for review is the sufficiency of the testimony to corroborate the prosecutrix on the most essential elements of the offense charged. In order to determine this question we will state the material facts proven by the State.

The prosecutrix testified that she was twenty years of age and had lived in the Progress community since July, 1930; that in January, 1934, she and appellant first began going together; that from January to May 1st they went together to ball games, shows, and church; that on or about the first day of March appellant asked her to marry him and she told him she would; that on or about the first day of May she and appellant had been to Muleshoe to a show; that on their way home they turned off of the main highway a little ways and engaged in an act of intercourse. She testified that she was

engaged to him at the time; that she consented to it because they were engaged to be married; that she would not have done so, but for his promise to marry her; that from then on until September 17th he had five or six acts of intercourse with her; that at the time he asked her to marry him there was no date fixed, no discussion of where they were going to live or anything at all about the future; that he never gave her any engagement ring or any presents; that she did not then think that she was going to get married; that about the 18th of June she signed up to go to Lippert's Business College; that she did so because her mother wanted her to go to school; that her mother did not know of her intentions to get married; that she did not tell any of her family that she was engaged to the appellant and did not say anything to appellant about making application to go to school; that appellant was at Hamblin and Lubbock from about the 4th of April up until the 4th of June, but came back home once or twice; that he was back home on May 1st; that during said time he did not write any letters to her, nor did she write to him; that she made some preparations for the marriage in that she pieced several quilts, made luncheon cloths, cup towels, and scarfs.

The mother of the prosecutrix testified that on or about the first day of April, 1935, her husband saw the appellant in town and told him to go out to the house and talk to his wife; that appellant came to the house and told her he owed her an apology for the condition the girl was in; that she replied, "Apology nothing; you won the affections of the girl you promised to marry"; that he said, "I know it. I would give anything to undo it"; that he asked her what she was going to do about it—to which she replied, "What are you going to do about it?"; and he said, "I will do whatever you say"; that she told him, "You will marry the girl"; that he agreed to come back that evening to get married and left the house; that they were going to New Mexico to get married, but that he never came back.

The testimony of the father and brother of the prosecutrix is to some extent similar to that given by the mother. The defendant testified in his own behalf and denied having promised to marry prosecutrix or that he had intercourse with her. He proved by a number of the members of the church and the League that they never at any time saw him bring the prosecutrix to church or any other gathering.

On cross-examination of the State's witness Ellen McLaren he proved that the witness had never known of the appellant

to make a date with the prosecutrix and never saw the two go any where together by themselves to any kind of a meeting.

Under art. 709, C. C. P., 1925, the testimony of the prosecutrix must be corroborated by other evidence both as to the promise of marriage and the act of intercourse, otherwise the conviction cannot stand. See Kennedy v. State, 282 S. W., 813. If, however, the prosecutrix is corroborated in the two particulars mentioned by other testimony, then the mandate of the law has been complied with. It occurs to us that the statement made by the appellant to the mother of the prosecutrix to the effect that he knew that he had won the affections of the girl and promised to marry her and that he then and there agreed to come back that afternoon to get married was an admission on his part that he had promised to marry the girl and had had an act of intercourse with her. We think such is sufficient to corroborate the prosecutrix.

In the case of Bailey v. State, 38 S. W., 185, this court speaking through Judge Hurt said: "It is contended by appellant that there is no proof in this record to show that appellant referred to or repeated the marriage engagement between the parties when he obtained carnal intercourse with Addie Hardin, in the hotel at Van Alstyne; to state the proposition in a different form: that, to constitute seduction at the time the carnal knowledge was obtained, appellant must have then promised to marry the party seduced, or that he must have alluded to the contract of marriage; that it is not sufficient if the parties be engaged to be married, but the engagement or promise must be used at the very time that carnal knowledge was obtained. We do not concur in this contention. The record shows that the appellant was engaged to be married to Addie Hardin; that he had requested her mother to permit him to marry her, to which she had agreed. The record shows that, when they went to the hotel, both claimed to be man and wife. Now, we hold that, if the promise to marry was the moving cause,—that is, if the carnal intercourse was the consequence of a prior promise of marriage,—it does not matter whether this promise was repeated or not at the time the parties had carnal intercourse with one another."

In the case of Fine v. State, 77 S. W., 806, this court speaking through Judge Henderson said: "In order to consummate the crime of seduction, the female must rely on the promise of marriage, yet this need not be contemporeaneous with the act of carnal intercourse. If the parties were engaged before, and on account of this engagement, and because the female

relied on same, and loved the person to whom she was engaged, and under such circumstances appellant, by his wiles and artifices, procured carnal intercourse of such female, then the crime of seduction would be complete, although the promise to marry was not repeated at the time of the intercourse."

According to the testimony of the prosecutrix in this case she had been engaged to appellant about two months at the time she claims to have been seduced and in this we think she was corroborated by the appellant in his admission to her mother as herein above pointed out. The appellant contends that the facts in this case are like the facts in the case of Phelps v. State, 57 S. W. (2d) 130. The facts in that case and those given by the prosecutrix in this case are very similar in many respects, but the testimony of the mother of the prosecutrix in that case upon which the State relied for corroboration is wholly different from that given by the mother of the prosecutrix in this case. In that case the appellant never said anything to the mother with reference to marrying the daughter, nor that he entertained such an intention, but in the case under consideration the mother testified to the admission by the appellant not only of the act of intercourse, but also to the promise of marriage.

Having reached the conclusion that the prosecutrix was sufficiently corroborated upon the material and essential elements constituting the offense, the judgment of the trial court is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON SECOND MOTION FOR REHEARING.

LATTIMORE, JUDGE.—Appellant so urgently insists in his application for leave to file second motion for rehearing that we erred in holding the evidence sufficient to corroborate prosecutrix on the point that appellant obtained carnal knowledge of her upon her reliance on his promise to marry her,—that we have again gone over the record with this in mind, and have withdrawn our opinion on rehearing, and substitute the following.

Prosecutrix swore that about March 1, 1934, he told her that he loved her, and asked her to marry him, and she promised she would do so; that from this time they were engaged

to be married, and about May 1st following he begged and insisted until she allowed him to have intercourse with her, relying upon said promise of March 1st. We quote from her cross-examination.

"I said I became engaged to him about the first of March. We were coming from Progress. He had tried to tell me he loved me before then. I didn't even tell him in response to his trials that I loved him until about the first of March, somewhere along there. When he asked me to marry him I don't remember the language he used when he said it; just asked me to marry him."

Her testimony shows that the first act of intercourse was about May 1st of the same year. We again quote her testimony:

"He was begging and pleading with me to have intercourse with him. I understand what intercourse is. He and I certainly was engaged to be married at that time. I let him have that intercourse with me just because we were engaged to be married. I would not have done it had it not been for his promise to marry me."

The girl thus clearly made out the case,—of love on her part, profession of love on the part of appellant; his proposal of marriage and her acceptance, and her subsequent yielding to his urgence for intercourse, wholly on his promise of marriage and their engagement as of March 1st.

This court has uniformly adhered to the proposition that a renewal of such promise to marry, before an act of intercourse, —was not necessary as was first held in Bailey v. State, 36 Texas Crim. Rep., 540.

The mother of prosecutrix swore that when appellant came to see her, after the pregnancy of prosecutrix was discovered, and after he had a talk with her husband,—appellant then said he owed her and her husband an apology, to which she replied "Apology nothing; you won the affection of the girl you promised to marry." Appellant's reply was "I know it. I would give anything in the world to undo it." He then asked her what she was going to do about it, and she told him it was for him to say, and she further said: "He agreed to come back that evening. They were to go to New Mexico and get married."

That Mrs. Willard, mother of prosecutrix, spoke of the latter when she accused appellant of having won the affection of the girl he promised to marry, is clear. That appellant fully understood that she was charging him with having promised

to marry her daughter as well as having won the daughter's affections, is also plain. Any claim that said conversation related or could relate to any other promise to marry than the one of March 1st, above referred to,—falls flat. The girl relied on that promise. She claimed no other. No other appears mentioned in this record. There can be no confusion on this point. Appellant nowhere asserted any other conversation between him and prosecutrix regarding a promise of marriage.

The jury had a perfect right to put the two testimonies together and conclude them to relate to the same promise to marry. There could be no other conclusion. In Howe v. State, 51 Texas Crim. Rep., 174, this court said:

"While some of the corroborative facts may have been after the promise of marriage, still they could as readily relate back and corroborate the fact of promise to marriage and seduction, as if said corroboration occurred at the time of the promise to marry."

Mrs. Willard referred, in her statement to appellant, to the one promise to marry of which she knew or had heard, according to. this record. To attempt to argue that apellant's admission might have had reference to some other or subsequent promise to marry, is wholly futile in the face of the record. Appellant admitted, in substance, that he did promise to marry the girl whose affections he had won. He attempted no denial of this conversation, and no denial of his intercourse with prosecutrix. Several witnesses testified that he had said to them that he got the girl in the fix she was in, and we deem it not necessary to discuss the sufficience of the testimony to corroborate prosecutrix as to the fact of intercourse, which to us seems ample.

We might also have referred to the fact that the girl's mother testified, as did the girl herself, that in March, 1934, the girl began work upon the various articles mentioned in the original opinion, which she said she was preparing anticipatory to her marriage to appellant. However, we think the statement of appellant, above discussed, so plainly corroborated the claim of the State that appellant obtained carnal knowledge of the girl by reason of his promise to marry, that we deem it unnecessary to look further.

The case of Barron v. State, 46 S. W. (2d) 317, has been again reviewed, and we find nothing in it supporting appellant's contention. The corroborative proof relied upon in that case was conversations and statements made by the prosecutrix herself subsequent to the alleged intercourse. Also clearly the

alleged promise to marry detailed by the mother's testimony in that case did not relate to a promise made previous to the sexual act, but to a subsequent promise, as we said "induced by the result of the intercourse." No such facts appear in this case.

The request of the appellant for leave to file second motion for rehearing is denied.

*Denied.*