## SENOVIO SALAS V. STATE

No. 28,466. October 17, 1956.
Appellant's Motion for Rehearing Overruled
December 12, 1956.
Appellant's Second Motion for Rehearing Overruled
(Without Written Opinion) January 9, 1957.

*Wolff & Wolff,* by *Walter C. Wolff, Jr.,* San Antonio, for appellant.

*Hubert W. Green, Jr.,* Criminal District Attorney, *Anthony Nicholas, Roy R. Barrera* and *Edward R. Finck, Jr.,* Assistants Criminal District Attorney, San Antonio, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is seduction; the punishment, 3 years.

Prosecutrix, a twenty-year-old Latin-American girl, testified that, while accompanied by her mother and her niece, she met the appellant at a picture show in the city of San Antonio; that the appellant introduced himself as "Jesse Gonzales," a single man and that he began to court her on that day. Prosecutrix stated that the appellant called at her brother-in-law's home, where she and her mother were living, approximately three times a week for the next eight weeks, and that he first spoke to her about marriage approximately a month after they met. She stated that on each of such visits they sat in the patio at the rear of the house, under the constant scrutiny of the family, or went to a picture show, accompanied by her mother or some member of their immediate family, until the fateful day of July 3, when she was alone with the appellant for the first time. She testified that she had never before had intercourse with any other man and had never before even been alone with a man outside of her family. She testified that after they had driven out in the country on this eventful day the appellant reminded her of his promise to marry her on New Year's Day and was successful in persuading her to have intercourse with him and that following this the appellant never came to see her again, and she later discovered that she was pregnant. She thereafter learned that he was ten years older than he had represented himself to be, was married, and had five children.

The appellant, testifying in his own behalf, admitted introducing himself to the prosecutrix under an assumed name, admitted that he was a married man with five children, and admitted having intercourse with the prosecutrix on three separate occasions, but denied any promise of marriage and stated that he was not with the prosecutrix on the day charged in the indictment. He was supported in his alibi by his wife and by numbers of his and his wife's relatives.

We shall discuss the facts more fully in connection with the bills of exception.

Bills of Exception Nos. 1 and 2 complain of the overruling of the motion for continuance and motion for new trial because the prosecutrix was obviously pregnant and complained of being ill on two occasions during her examination and cross-examination, which required the calling of two recesses.

We have been cited no case on the exact point here before us, nor have we been able to find any. Appellant relies upon those cases which hold that it is error to exhibit the immature child to the jury so that they might compare its features with those of the appellant. We do not find such authority here controlling. This court has held that the prosecutrix may testify that she became pregnant as the result of an act of intercourse with the appellant, and we know of no reason to delay the prosecution until after the child is born. Prosecutrix' cross-examination covered 48 pages of the statement of facts and was obviously not curtailed as the result of her condition, as is reflected by the record and fortified by the court's qualification of the bills.

Bills of Exception Nos. 3, 4 and 5 complain of the failure of the court to grant an instructed verdict of not guilty because the prosecutrix submitted in part to the act of sexual intercourse because of her own lust and passion.

Appellant cites Muckleroy v. State, 128 Texas Cr. Rep. 560, 83 S.W. 2d 324, among other authorities, in support of his contention that the bills reflect error. The facts in the Muckleroy case and the case at bar will be here compared.

Pearline, in Muckleroy's case, testified that no date had been set for the marriage but that she considered herself "engaged in a way" to Muckleroy prior to the act of intercourse.

In the case at bar, the prosecutrix testified that a definite date for their marriage had been set approximately a month before the act of intercourse took place.

Pearline testified that she and Muckleroy had been hugging and kissing and that he had been feeling of her female organ before he asked her to have intercourse with him and before he told her that he would marry her and that she had a "physical feeling" which prompted her to submit to him.

In the case at bar, the prosecutrix testified that as the appellant brought his automobile to a halt on the day in question she got out and inquired of him as to why he had brought her out in the country, that the appellant told her that he wanted to have sexual relations with her, that she told him to wait until New Year's Day, but that the appellant asked her not to put up any objections because he was going to marry her in

the church, and that he then picked her up and put her on the seat of the automobile and embraced her and felt of her body, and that his attentions made her feel good but that she submitted because he had promised to marry her.

Prosecutrix testified that the appellant was the first man who had ever made any advances toward her, that she loved him and believed that he would fulfil his promise to marry her. This is a state of facts which, if believed by the jury, makes a seduction case. Murrell v. State, 184 S.W. 831.

The court properly charged the jury on the defense which arises where it is shown that the prosecutrix yielded because of her own carnal desires, and we find the evidence sufficient to support their verdict that she did not.

Bills of Exception Nos. 7, 8, 9, 10, 11 and 12 challenge the sufficiency of the evidence to corroborate the testimony of the prosecution and to support the conviction.

Prosecutrix' mother testified that the appellant came to her son-in-law's home following their original meeting at the theater as often as three times a week, and that shortly after he began his visits he told her that he wanted to marry prosecutrix very much. She stated further that the appellant was the first boy the prosecutrix had ever gone with in her life and that, during the time of their courtship, the prosecutrix was alone with no other man.

Prosecutrix' sister testified that on one of these visits, as she and the appellant and the prosecutrix were seated in the patio, the appellant told her that he had talked to their mother and that he and the prosecutrix were going to get married.

Prosecutrix' brother-in-law testified that on one of appellant's visits to his home, and while seated next to and with his arm around the prosecutrix, the appellant stated that he intended to buy a home in the neighborhood "for us" so that the family might all be together in the same neighborhood.

All the prosecution witnesses testified that the appellant was the only man with whom the prosecutrix had ever gone, and no effort was made to refute this testimony except that the appellant testified that the prosecutrix had told him that she had been "dishonored" by a boy in Laredo several years before

she met him. It was established by medical testimony that the date when the prosecutrix was expected to bear her child was consistent with her having become pregnant on the day charged in the indictment.

Another of prosecutrix' sisters testified that appellant and prosecutrix left the house alone on the day charged in the indictment and were gone for several hours.

From this, it is seen that there was ample corroboration of the promise of marriage, and we conclude that under the rule announced in Polk v. State, 91 Texas Cr. Rep. 354, 238 S.W. 934, there is sufficient corroboration of the act of intercourse.

Bills of exception Nos. 13, 14, 15, 16 and 17 complain of the defiinition of seduction as given in the court's charge, which was as follows:

"The term 'seduction' is used in the sense in which it is commonly understood. It is the leading of an unmarried female under twenty-five years of age out of the path of virture by a promise of marriage."

We perceive no vice in the charge. Blackburn v. State, 71 Texas Cr. Rep. 625, 160 S.W. 687.

Bill of exception No. 18 complains of the omission of a redundant phrase at the conclusion of his charge dealing with the necesity of corroborating the testimony of prosecutrix. We find no error in the bill.

Bill of Exception No. 19 complains of the failure of the court to tell the jury in his charge that acts and declarations of the prosecutrix subsequent to the act of intercourse might not be used to corroborate her testimony. He relies upon Haney v. State 81 Texas Cr. Rep. 651, 197 S.W. 1102. He overlooks the subsequent opinion of this court in Klepper v. State, 87 Texas Cr. Rep. 597, 223 S.W. 458, which in effect holds that the disposition of the Haney case may have been correct but that the rule of law announced therein was not.

It will be seen from an examination of the opinion of this court in Phelps v. State, 122 Texas Cr. Rep. 659, 57 S.W. 2d 130, that the rule in the Haney case is to be limited in most cases to the acts and declarations of prosecutrix as testified to by herself and not by third parties.

Bill of Exception No. 20 complains that a certain paragraph of the court's charge constituted a comment upon the weight of the evidence. The charge should be judged as a whole. To have responded to appellant's objection would, in all probability, have rendered the charge subject to the objection that it singled out certain principles of law and gave particular emphasis thereto.

Bill of Exception No. 22 complains because of the failure of the court to charge upon "barter and sale." We are at a loss to determine how the record before us would require the giving of such a charge.

The court's qualification of the remaining bills obviates the necessity of discussing the same.

Finding the evidence sufficient to support the conviction and no reversible error appearing, the judgment of the trial court is affirmed.

ON APPELLANT'S MOTION FOR REHEARING

DICE, Judge.

Appellant again urges that it was error for the court to permit the prosecutrix to testify while she was pregnant and insists that as a result of her testifying and being cross-examined in such condition the jury was prejudiced against him. There is nothing in the record to support appellant's contention that the jury was prejudiced against him and as stated in our original opinion we know of no reason to delay the prosecution until after the child is born.

We have again reviewed the evidence in the light of appellant's contention and remained convinced that it is sufficient to support the conviction.

In re-urging his contention that the court erred in failing to instruct the jury that the acts and declarations of the prosecutrix subsequent to the act of intercourse might not be used to corroborate her testimony, appellant refers to certain testimony of the prosecutrix which he insists required such an instruction. An examination of this testimony reflects that it is testimony concerning subsequent acts and declarations of the appellant rather than acts and declarations of the prosecutrix and did not require the instruction.

The appellant's motion for rehearing is overruled.

Opinion approved by the Court.